Memorandum of law in support of the Plaintiff's motion for the appointment of counsel

## Statement of the case.

FILED
AUG - 8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

This is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner and asserting claims for the unconstitutional unlawful imprisonment, cruel and unusual punishment, misuse of force, denial of due process in subsequent disciplinary proceedings, denial of due process in having the Plaintiff sanction sentence "corrected".

The Plaintiff seeks damages as to all claims and an dollar amount as to his injuries and loss of wages.

## Statement of Facts

The complaint alleges that the Plaintiff was give a disciplinary report while serving a level (4) "work-release" sentence at the Morris Correctional Institution. Plaintiff requested to be present for that hearing, to confront his accuser and question witnesses. Plaintiff was denied that opportunity and was found "Guilty" by thee officers at Facility, who sanction Plaintiff to serve (14) days at a higher Security, "when the law only requires for individuals to serve (5) days."

When Plaintiff arrived at Sussex Violation of Probation

Center, to serve his sanction he was handed a copy of his sanction sheet, on it, it requested if the person wishes to appeal, "But due to the Mail Requirement at S.V.O.P. center, Plaintiff could not meet the appeal time line on time.

After serving the (14) days, the sanction then required the Plaintiff to be transferred to another Facility, "Central Violation of Probation center." to await bed space back to M.C.I., after several complaint to the counselor "who was assigned to the Plaintiff." - who saw a large number of offenders being transferred to M.C.I., from Facility that the Plaintiff was to wait. after approximately (5) month's later Plaintiff was assaulted by a correctional officer, Plaintiff received a number of injuries including a "gash" to his shoulder. the Officer then charged the Plaintiff with assaulting him, to cover up any wrong doing.

## Argument of Facts

In deciding whether to appoint counsel for an indigent litigant, the court should consider the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991).

In addition, courts have suggested that the most important factor is whether a case appears to have merit.

Cooper v. A. Sargent Co. Inc., 877 F.2d 170, 173 (2d Cir. 1989). Each of these factors weights heavenly in favor of appointing counsel in this case.

### Factual complexity

The Plaintiff alleges that several different defendant, in different facility deprived him of his constitutional rights. Plaintiff claims denial of due process by several disciplinary hearing officers. also denial of due process by officers in a different facility who exhibited deliberate indifference to Plaintiff plight, and another officer physically abused the Plaintiff, then accused the Plaintiff of assaulting him. The sheer number of claims and defendants makes this a factually complex case.
In addition, one of the Plaintiff's claims involves injuries to the Plaintiff, that will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Moors v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992). Jackson v. County of Mclean, 973 F.2d 1070, 1073 (7th Cir. 1992).

### The Plaintiff's ability to investigate

The Plaintiff is incarcerated in punitive segregation in a

Maximum Security Unit at Delaware Correctional Center, and has no ability to investigate the facts. "For example", Plaintiff is unable to locate, identify and interview the offenders who were housed on the "Pod" area who saw some if not all of the misuse of force.

Since then the Plaintiff has been transferred to a different facility then were the incident accured, a factor that several courts have cited in appointing counsel. "See" Tucker v. Randall, 948 F.2d 388, 391-92 (7TH Cir. 1991). Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D. N.Y. 1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D. Wis. 1984).

In addition, this case will require considerable discovery concerning the identity of witnesses, the officers reports and statements about the incident, the history of the officer with prior records of misuse of force, and the Plaintiff medical history. "See" Tucker v. Dickey, 613 F. Supp. 1124, 1133-34 (W.D. Wis. 1985).

### Conflicting testimony

The Plaintiff's account of his assault by an officer is squarely in conflict with the statement of the officer, this aspect of the case will be a credibility contest between the defendant and the Plaintiff, "and such inmates witnesses as can be located." the existence of these credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D. N.Y. 1988).

### The ability of the indigent to present his claim.

The Plaintiff is an indigent prisoner with only a tenth grade high school education and "no" legal training or education. a factor that supports the appointment of counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

In addition, Plaintiff is confined to an Maximum Security Segregation unit with very limited access to legal materials. See Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992).

### Legal Complexity.

The large number of defendants, some of whom are Supervisory officers presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable.

In addition, the Plaintiff may and will amend his complaint to request for a jury trial, which requires much greater legal skill than the Plaintiff has or can develop. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991).

### Merit of the case.

The Plaintiff allegation, If proved, clearly would establish a constitutional violation. the unjustified

denial to confront witnesses, and to be present at a disciplinary hearing, conviction and failure to give a meaningful statement of reasons for the decision of a excessive punishment, the failure to correct the unlawful imprisonment, the unprovoked and injurious assault alleged in the complaint clearly states an Eighth Amendment violation, Hudson v. McMillian, U.S. 112 S.ct. 995, 1000 (1992). While others are all plain violations of due process, Ponte v. Real, 471 U.S. 491, 497, 105 S.ct. 2192 (1985). Superintendent v. Hill, 472 U.S. 445, 457, 105 S.ct. 2768 (1985).

On it's face, then this is a meritorious case.

### Conclusion of motion.

For the foregoing reasons, the court should grant the Plaintiff's motion and appoint counsel in this case.

Aug 1, 2005

Kenneth L. Holland
Kenneth L. Holland #164800
SHU-18-D-L-7
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, De 19977