IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH L. HOLLAND,         )
                                )
      Plaintiff,        )
                                )
      v.                 ) Civ. No. 05-464-SLR
                                )
STANLEY TAYLOR, BILL ETTO,   )
VINCENT BIANCO, ADAM J.      )
BRAMBLE, MICHAEL RECORDS,    )
CLINE DANIALS, CINDY SCALA,  )
BOB GEORGE, MICHAEL COSTELLO, )
BARBARA COSTELLO, and THE    )
DEPARTMENT OF CORRECTIONS,   )
                                )
                                )
      Defendants.       )

**ORDER**

1.   The plaintiff Kenneth Holland, SBI #164800, a pro
se litigant who is presently incarcerated, has filed this action
pursuant to 42 U.S.C. § 1983 and has requested leave to proceed
in forma pauperis pursuant to 28 U.S.C. § 1915.

2.   Consistent with 28 U.S.C. § 1915(a)(1) and (2), the
plaintiff has submitted: (1) an affidavit stating that he has no
assets with which to prepay the filing fee; and (2) a certified
copy of his prison trust fund account statement for the six-month
period immediately preceding the filing of the above-referenced
complaint.   Based on the plaintiff's submissions, his request to
proceed in forma pauperis is granted.

3.   Notwithstanding the above, pursuant to 28 U.S.C. §

1915(b)(1), the plaintiff shall be assessed the filing fee of

$250.00 and shall be required to pay an initial partial filing

fee of 20 percent (20%) of the greater of his average monthly

deposit or average monthly balance in the trust fund account.

       4.  In evaluating the plaintiff's account information,

the Court has determined that the plaintiff has an average

account balance of $9.81 for the six months preceding the filing

of the complaint.  The plaintiff's average monthly deposit is

$8.33 for the six months preceding the filing of the complaint.

Accordingly, the plaintiff is required to pay an initial partial

filing fee of $1.96, this amount being 20 percent (20%) of $9.81,

the greater of his average monthly deposit and average daily

balance in the trust fund account for the six months preceding

the filing of the complaint.  **Therefore, the plaintiff shall,**

**within thirty days from the date this order is sent, complete and**

**return the attached authorization form allowing the agency having**

**custody of him to forward the $1.96 initial partial filing fee**

**and subsequent payments to the Clerk of the Court.  FAILURE OF**

**THE PLAINTIFF TO RETURN THE AUTHORIZATION FORM WITHIN 30 DAYS**

**FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF**

**THIS ACTION WITHOUT PREJUDICE.  NOTWITHSTANDING ANY PAYMENT MADE**

**OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT**

**DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO**

**STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY**

**RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

     5.   Upon receipt of this order and the authorization form, the Warden or other appropriate official at the Delaware Correctional Center, or at any prison at which the plaintiff is or may be incarcerated, shall be required to deduct the $1.96 initial partial filing fee from the plaintiff's trust account, when such funds become available, and forward that amount to the Clerk of the Court.  Thereafter, absent further order of the Court, each time that the balance in plaintiff's trust account exceeds $10.00, the Warden or other appropriate official at the Delaware Correctional Center, or at any prison at which the plaintiff is or may be incarcerated, shall be required to make monthly payments of 20 percent (20%) of the preceding month's income credited to the plaintiff's trust account and forward that amount to the Clerk of the Court.

     6.   Pursuant to 28 U.S.C. § 1915(g), if the plaintiff has had three or more actions dismissed by the Court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the Court shall deny the plaintiff leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in all future suits filed without prepayment of the filing fee, unless the Court determines that the plaintiff is under imminent danger of serious

physical injury.


DATED: 8/8/05                                   _____
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH L. HOLLAND,       )
                         )
      Plaintiff,      )
                         )
      v.              ) Civ. No. 05-464-SLR
                         )
STANLEY TAYLOR, BILL ETTO,  )
VINCENT BIANCO, ADAM J.    )
BRAMBLE, MICHAEL RECORDS,   )
CLINE DANIALS, CINDY SCALA,  )
BOB GEORGE, MICHAEL COSTELLO, )
BARBARA COSTELLO, and THE    )
DEPARTMENT OF CORRECTIONS,   )
                         )
                         )
      Defendants.     )

**AUTHORIZATION**

I, Kenneth L. Holland, SBI# 164800, request and authorize the agency holding me in custody to disburse to the Clerk of the Court the initial partial filing fee of $1.96 and the subsequent payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's order dated *August 8* , 2005.

This authorization is furnished in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $250.00.  I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action.  This authorization shall apply

to any other agency into whose custody I may be transferred.

Date: _____, 2005.


_____
Kenneth L. Holland