**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KENNETH L. HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-464-SLR |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| ADAM J. BRAMBLE, | ) |
| | ) |
| Defendant, | |
| Counter-claim plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KENNETH L. HOLLAND | ) |
| | ) |
| Plaintiff, | |
| Counter-claim defendant. | ) |

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT AND DEFENDANT ADAM J. BRAMBLE'S COUNTER-CLAIM

COME NOW the Defendants Stanley Taylor, Vincent Bianco, Adam J. Bramble,

Michael Records, Bob George, Michael Costello, Barbara Costello, the Department of

Correction, Stephen Devine and Helen Moore ("Defendants"), by and through the

undersigned counsel, and hereby answer the Complaint:

Parties

1.      As to the first three sentences of this paragraph, denied, except that it is

admitted that, as of the date of the filing of this Answer, Defendant Taylor is the

Commissioner of the Delaware Department of Correction ("DOC"), and his business

address is 245 McKee Road, Dover, Delaware.  As to the fourth sentence of this

paragraph, no response is required.

      2.     As to the first three sentences of this paragraph, denied, except that it is

admitted that, as of the date of the filing of this Answer, Defendant Bianco is the Warden

of the Morris Community Correctional Center ("MCCC") and the Central Violation of

Probation Center ("CVOP"), and his business address is 300 Water Street, Dover,

Delaware.  As to the fourth sentence of this paragraph, no response is required.

      3.     As to the first four sentences of this paragraph, denied, except that it is

admitted that, as of the date of the filing of this Answer, Defendant Moore is employed as

a Senior Correctional Counselor at MCCC and is a voting member of the Multi-

Disciplinary Team ("MDT") at MCCC, and her business address is 300 Water Street,

Dover, Delaware, and Defendant Devine is employed as a Community Work Program

Coordinator at MCCC, and participates in the MDT, and his business address is 300

Water Street, Dover, Delaware.  As to the fifth sentence of this paragraph, no response is

required.

      4.     As to the first three sentences of this paragraph, denied, except that it is

admitted that, as of the date of the filing of this Answer, Defendant Bramble is employed

as a Correctional Lieutenant at CVOP and his business address is 875 Smyrna Landing

Road, Smyrna, Delaware.  As to the fourth sentence of this paragraph, no response is

required.

      5.     As to the first three sentences of this paragraph, denied, except that it is

admitted that, as of the date of the filing of this Answer, Defendant Records is employed

as a Probation & Parole Supervisor at CVOP, and his business address is 875 Smyrna

Landing Road, Smyrna, Delaware.  As to the fourth sentence of this paragraph, no response is required.

6.      Denied as to the first three sentences of this paragraph.  There is no individual named Cline Danials employed at CVOP.  As to the fourth sentence of this paragraph, no response is required.

7.      Denied as to the first three sentences of this paragraph.  Cindy Scala is no longer employed at CVOP.  As to the fourth sentence of this paragraph, no response is required.

8.      As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant George is the Warden of Sussex Violation of Probation Center ("SVOP") and his business address is 23207 DuPont Blvd., Georgetown, Delaware.  As to the fourth sentence of this paragraph, no response is required.

9.      As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Michael Costello is employed as the Security Supervisor at SVOP and his business address is 23207 DuPont Blvd., Georgetown, Delaware.  As to the fourth sentence of this paragraph, no response is required.

10.     As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Barbara Costello is employed as a Transfer Officer at SVOP and her business address is 23207 DuPont Blvd., Georgetown, Delaware.  As to the fourth sentence of this paragraph, no response is required.

11.     Denied.

Statement of Claims

1.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

2.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

3.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

4.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

5.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

6.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

7.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

8.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

9.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

10.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

11.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

12.    Denied.

13.    Denied.

14.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

15.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

16.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

17.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

18.    Admitted that, at the meeting of the MDT on June 29, 2004, at which Plaintiff was present, Plaintiff was found guilty of program violation and sanctioned to transfer to SVOP for two weeks, then transfer to CVOP to await bed space at MCCC.

19.    Admitted.

20.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

21.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

22.    Denied.

23.    Denied.

24.    Denied.

25.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

26.     Denied, except it is admitted that SVOP is a Level 4 facility.

27.     Admitted that on July 15, 2004, Plaintiff was transferred to CVOP to await bed space at MCCC.

28.     Admitted that Defendant Scala was Plaintiff's counselor during part of the time that he was at CVOP during 2004.

29.     Admitted that upon his arrival at CVOP in July 2004, Plaintiff was placed on the waiting list for MCCC.  Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

30.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

31.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

32.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

33.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

34.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

35.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

36.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

37.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

38.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

39.     Denied.

40.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

41.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Admitted.

46.     Denied.

47.     Admitted.

48.     Denied.

49.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

50.     Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Defendants are without sufficient information to admit or deny the

allegations set forth in this paragraph of the Complaint.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied, except that it is admitted that some time after the morning of

November 26, 2004, Plaintiff was transferred to Delaware Correctional Center and was

subsequently charged with assault in a detention facility.

67.     Defendants are without sufficient information to admit or deny the

allegations set forth in this paragraph of the Complaint.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

## RELIEF

1.      It is specifically denied that Plaintiff is entitled to compensatory, punitive

or any monetary damages.

2.      It is specifically denied that Plaintiff is entitled to injunctive, declaratory

or any other relief.

## AFFIRMATIVE DEFENSES

3.      Plaintiff has failed to state a claim upon which relief can be granted.

4.      Plaintiff has failed to exhaust his administrative remedies.

5.      Defendants are immune from liability under the Eleventh Amendment.

6.      Defendants are entitled to qualified immunity.

*7.*    As to any claims under state law, Defendants are entitled to immunity

under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

8.      As to any claims under state law, Defendants are entitled to sovereign

immunity in their official capacities.

9.      Defendants cannot be held liable in the absence of personal involvement

for the alleged constitutional deprivations.

10.     To the extent that Plaintiff seeks to hold Defendants liable based on

supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is

not a basis for liability in an action under 42 *U.S.C.* § 1983.

11.     Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

12.     Insufficiency of service of process.

13.     Insufficiency of process.

14.     Lack of jurisdiction over the person and subject matter.

**DEFENDANT ADAM J. BRAMBLE'S COUNTER-CLAIM**

AND NOW, ASSUMING THE POSITION OF COUNTER-CLAIMANT, Adam J. Bramble states as follows:

1.     Jurisdiction as to this counter-claim for monetary relief is conferred on this Court by 28 *U.S.C.* § 1367.  This counter-claim arises from Delaware law and arises out of the same transaction or occurrence as Plaintiff Kenneth Holland's cause of action.

2.     Counter-claimant Adam J. Bramble ("Bramble") is a citizen of the State of Delaware, and during all time periods relevant to this counter-claim, was a Correctional Lieutenant employed by the Delaware Department of Correction ("DOC") at the Central Violation of Probation Center ("CVOP") located in Smyrna, Delaware.

3.     Counter-claim defendant Kenneth L. Holland ("Holland") is a citizen of the State of Delaware and during all time periods relevant to this Counter-claim was an inmate incarcerated at CVOP.

4.     At approximately 9:15 a.m. on November 26, 2004, Bramble was performing an area check at CVOP when Holland threatened to slit Bramble's throat.

5.     When Bramble attempted to escort Holland from the area, Holland picked up a chair and swung it at Bramble.  The chair struck Bramble, causing physical injury.

10

6.      Holland then dropped the chair and physically assaulted Bramble.

7.      Holland then cut Bramble's neck with a sharp object, causing physical injury.

8.      Through the conduct described above, Holland intentionally caused Bramble reasonable apprehension of offensive and harmful bodily conduct.

9.      Through the conduct described above, Holland intentionally caused offensive and harmful bodily contact with Bramble.

10.     As the direct result of Holland's willful, malicious and intentional conduct, Bramble sustained various serious physical injuries, mental anguish and emotional distress.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to them. Further, Counter-claimant Adam J. Bramble requests that the Court enter judgment in his favor and award compensatory and punitive damages and any other relief deemed appropriate by the Court.

<div style="margin-left: 50%;">

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants
and Counter-claimant Bramble
</div>

Date:  March 29, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2006, I electronically filed *Answer to the Amended Complaint and Adam J. Bramble's Counter-claim* with the Clerk of Court using CM/ECF. I hereby certify that on March 29, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Kenneth L. Holland.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

12