

Westlaw.

DE ST TI 11 § 4334                                                        Page 1
**11 Del.C. § 4334**

**c**
DELAWARE CODE ANNOTATED
TITLE 11. CRIMES AND CRIMINAL PROCEDURE
PART II. CRIMINAL PROCEDURE GENERALLY
CHAPTER 43. SENTENCING, PROBATION, PAROLE AND PARDONS
SUBCHAPTER III. PROBATION AND SENTENCING PROCEDURES
    § 4334   Arrest for violation of conditions; subsequent disposition.

(a) The court may issue a warrant for the arrest of a probationer for violation of
any of the conditions of probation or suspension of sentence, or a notice to appear
to answer to a charge of violation. Such notice shall be personally served upon the
probationer. The warrant shall authorize officers to return the probationer to the
custody of the court or to the Department.

(b) The Commissioner, or any probation officer, when in the Commissioner's or
probation officer's judgment there has been a violation of any condition of
probation or suspension of sentence, may arrest such probationer without a warrant,
or may deputize any other officer with power of arrest to do so by giving that
officer a written statement setting forth that the probationer has, in the judgment
of the Commissioner or probation officer, violated the conditions of probation or
suspended sentence. The written statement delivered with the probationer by the
arresting officer to the official in charge of the place of detention shall be
sufficient warrant for the detention of the probationer. When an arrest is made by
a probation officer, the Department shall present to the detaining authority a
written statement of the circumstances of violation. Provisions regarding release
on bail of persons charged with crime shall be applicable to the probationers
arrested under these provisions.

(c) Upon such arrest and detention, the Department shall immediately notify the
court and shall submit in writing a report showing in what manner the probationer
has violated the conditions of probation or suspension of sentence. Thereupon, or
upon arrest by warrant as provided in subsection (b) of this section, the court
shall cause the probationer to be brought before it without unnecessary delay, for
a hearing on the violation charge. The hearing may be informal or summary. If the
violation is established, the court may continue or revoke the probation or
suspension of sentence, and may require the probation violator to serve the
sentence imposed, or any lesser sentence, and, if imposition of sentence was
suspended, may impose any sentence which might originally have been imposed.

_Read_ (d) Notwithstanding any provision of subsection (c) of this section or any other
law, rule or regulation to the contrary, the Department is authorized to
administratively resolve technical and minor violations of the conditions of
probation or supervision at Accountability Levels I, II, III or IV when a sanction
less restrictive than Level V is being sought by the Department as a result of the
violation, and is further authorized to administratively resolve technical and
minor violations of conditions of probation at Accountability Levels I, II, III, or
IV by placing the probationer at Accountability Level IV for a period of not more
than 5 days consecutively, and not more than 10 days in any 1 calendar year. The
Department shall adopt written procedures providing for administrative review for
all cases in which an offender is placed at Level IV pursuant to this subsection.
All administrative dispositions imposed pursuant to this subsection shall be
documented in the offender's record and shall be made available to the court in the
event of a subsequent violation which is considered by the court. For the purposes

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 11 §  4334                                                    Page 2
  11 Del.C. §  4334

of this subsection, the term "technical and minor violations of the conditions of
probation or supervision" shall not include arrests or convictions for new criminal
offenses. For the purposes of this subsection, the limits pertaining to the use of
Level IV as administrative sanction for technical and minor violations of Level I,
II or III shall not apply to the use of home confinement for such purposes.

(e) A probationer for whose return a warrant cannot be served, shall be deemed a
fugitive from justice or to have fled from justice. If it shall appear that
probationer has violated probation or suspended sentence, the court shall determine
whether the time from issuing of the warrant to the date of the probationer's
arrest, or any part of it, shall be counted as time served on probation or
suspended sentence.

(f) The Justice of the Peace Court shall have jurisdiction over violations of
probation where such probation or suspension of sentence was pursuant to an order
of the Justice of the Peace Court.

(11 Del. C. 1953, §  4335; 54 Del. Laws, c. 349, §  7; 66 Del. Laws, c. 133, §  1;
67 Del. Laws, c. 442, §  2; 70 Del. Laws, c. 186, §  1; 74 Del. Laws, c. 27, §  5;
74 Del. Laws, c. 322, §  4.)

               <General Materials (GM) - References, Annotations, or Tables>


NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 11 of 74 Del. Laws, c. 27, provides: "This act shall be
effective 30 days after its enactment." The act was signed by the Governor on May
1, 2003.

**Effect of amendments.** -- 74 Del. Laws, c. 27, rewrote (c), inserted present (d) and
redesignated former (d) as present (e).

74 Del. Laws, c. 322, effective July 6, 2004, added (f).

**This section does not grant authority to enlarge a period of probation once
imposed.** Tiller v. State,  257 A.2d 385 (Del. 1969).

The Superior Court lacks the power to extend a probation period, since probation is
a statutory creature and its implementation must be in accordance with the powers
found within the statute. Tiller v. State,  257 A.2d 385 (Del. 1969).

**Resentencing for violation.** -- After determining that an accused violated
probation, the superior court may require the probation violator to serve the
sentence imposed, or any lesser sentence; if imposition of sentence was suspended,
the court may impose any sentence which originally had been imposed. Ross v. State,
808 A.2d 1205 (Del. 2002).

When the trial court resentenced defendant, upon finding a violation of probation,
to serve the unsuspended portion of a sentence, the trial court's reasoning that
defendant was a violent person who had drugs, ammunition, and guns was logical and
rational; defendant presented no evidence that the trial court had a closed mind.
Weston v. State,  832 A.2d 742 (Del. 2003).

**Superior Court may impose sentence for violation of probation after probation
period has expired.** Tiller v. State,  257 A.2d 385 (Del. 1969).

          ©  2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 11 §  4334                                                    Page 3
 11 Del.C. §  4334

**The Superior Court did not abuse its discretion in reinstating defendant's sentence** after he violated his probation by failing to report daily by telephone and by having unsupervised contact with minors. Bennett v. State, 763 A.2d 90 (Del. 2000).

Where defendant admitted to testing positive for cocaine, to terminating participation in a treatment program, and to not seeing the probation officer, defendant did not establish any violation of constitutional rights or a miscarriage of justice in the revocation of probation. State v. Mayfield, -- A.2d -- (Del. Super. Ct. June 2, 2003).

The sentence of Level V time reimposed by the trial court at defendant's violation of probation hearing was proper as it was within the amount of Level V time still remaining on his earlier sentences. Harris v. State,  822 A.2d 396 (Del. 2003).

**Revocation of probation is an exercise of broad discretionary power.** Brown v. State,  249 A.2d 269 (Del. 1968).

**Delayed hearing.** -- Trial court did not abuse its discretion when it delayed defendant's probation revocation hearing for one and one-half hours to allow the State's witnesses to arrive as: the State was diligent in preparing for the hearing; the matter could not have been prosecuted without the testimony of the witnesses; the trial court was not inconvenienced; and defense counsel was still able to attend the next scheduled hearing. Weston v. State, 832 A.2d 742 (Del. 2003).

**A probationer accused of violation is not entitled to a trial** in any strict or formal sense; probationer's entitlement in this regard is limited to an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper. Brown v. State,  249 A.2d 269 (Del. 1968).

**There is no prescription in this section as to nature and scope of the hearing.** Brown v. State,  249 A.2d 269 (Del. 1968).

**Sua sponte contested violation hearing.** -- Sua sponte order for contested violation of probation hearing was not required where defendant had notice of the violation of probation hearing, attended the hearing, had the opportunity to speak at the hearing, and failed to advise the trial court that the violation of probation charge was contested. Cannon v. State,  830 A.2d 409 (Del. 2003).

**The probationer is not entitled to the presumption of innocence** or confrontation as a matter of due process, at a hearing on revocation. Brown v. State,  249 A.2d 269 (Del. 1968).

**Admissibility of evidence.** -- Material may be received and considered in a proceeding for the revocation of probation which would not be admissible in a criminal trial under the rules of evidence. This would include hearsay. Brown v. State,  249 A.2d 269 (Del. 1968).

Where defendant's probation officer received a tip from a reliable informant, and obtained approval to stop and search defendant's vehicle, the search was supported by probable cause and was a constitutionally reasonable search under U.S. Const. amend. IV and Del. Const. art. 1, § 6; therefore, the seized evidence was admissible and was not subject to supression. Fuller v. State, 844 A.2d 290 (Del. 2004).

©  2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 11 § 4334                                                    Page 4
  11 Del.C. § 4334

**Habeas corpus review unavailable.** -- Defendant's claims arising from a violation of
probation hearing were not a proper subject for habeas corpus review; a habeas
petition could not be used as a substitute for a direct appeal. Reid v. State, --
A.2d -- (Del. Jan. 30, 2004).

**Probation revocation may not stand unless there is some competent evidence to prove
the violation asserted.** Brown v. State, 249 A.2d 269 (Del. 1968).

Where there is no competent evidence upon which to base the exercise of sound
judicial discretion, the revocation of probation and the imposition of prison
sentence constitutes an abuse of discretion. Brown v. State, 249 A.2d 269 (Del.
1968).

**Probation violation sentence.** -- Upon sentencing defendant for violation of
probation, he should have been given Level V credit for the time he served at Level
V incarceration while waiting for available space at Level IV work release. Gamble
v. State, 728 A.2d 1171 (Del. 1999).

Despite defendant's credit time towards a sentence, defendant was properly under
the department of correction's supervision at the time defendant used illegal
drugs; under subsection (c) of this section, defendant was properly subjected to
having defendant's previously suspended sentence reimposed for a violation of
probation. Gaines v. State, 803 A.2d 428 (Del. 2002).

A trial court was authorized to reimpose the suspended portion of defendant's
original sentence after defendant admitted to violating probation, because
defendant did not demonstrate either a closed mind on the part of the judge or an
abuse of discretion. Johnson v. State, 825 A.2d 238 (Del. 2003).

Withdrawal motion was moot where there was competent evidence, including
defendant's own testimony, to support the conviction; upon finding a violation of
probation, the court properly reimposed the incarceration remaining on the
defendant's sentence. Brown v. State, 829 A.2d 935 (Del. 2003).

Sentencing of defendant after probation violation did not violate state statutory
law because the trial court merely sentenced defendant to a prison term that it
could have imposed originally had the trial court not chosen to grant probation to
defendant instead. State v. Gatlin, -- A.2d -- (Del. Super. Ct. Dec. 17, 2003).

Sufficient, competent evidence existed to show defendant violated probation,
including defendant's own testimony and a probation officer's testimony that (1)
probation had never been transferred to New Jersey, (2) defendant failed to report
to the Delaware probation office for an extended period of time, (3) defendant
failed to report a change of address, (4) defendant failed to report new criminal
charges, and (5) defendant failed to maintain full-time employment. Walley v.
State, -- A.2d -- (Del. May 4, 2004).

Incarceration (for probation violation of missing more than two probation
appointments) was necessary not only to get a defendant's attention, but also to
protect the public and to see to it that the defendant received proper substance
and mental health treatment. State v. Styers, -- A.2d -- (Del. Super. Ct. July 1,
2004).

**Restrictions on availability of furlough; work release or supervised custody.** --
Imposition of condition that a defendant is not to be furloughed, allowed to
participate in work release, or allowed to participate in supervised custody
outside of the prison facilities as authorized by § 4204(k) of this Title on the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 11 §  4334                                                      Page 5
11 Del.C. §  4334

reimposition of an original term of imprisonment following a revocation of
probation does not constitute an increase in that term of imprisonment and does not
conflict with the terms of subsection (c) of this section. Ingram v. State,  567
A.2d 868 (Del. 1989).

**Scope of review.** -- On appellate review of revocation of probation, the question
may be limited to whether there has been an abuse of discretion. Brown v. State,
249 A.2d 269 (Del. 1968).

**Double jeopardy.** -- Defendant's discharge from a boot camp program before the
completion of a second probation violation sentence mooted any double jeopardy
violation of either the United States or Delaware Constitutions. Ross v. State,
808 A.2d 1205 (Del. 2002).

Where defendant's postconviction claims were identical to those in a prior motion
to correct an illegal sentence, defendant's postconviction motion was procedurally
barred; in addition, defendant's conduct, which constituted both a violation of
probation and a violation of parole, did not offend the Double Jeopardy Clause.
State v. Stewart,  -- A.2d -- (Del. Super. Ct. Apr. 17, 2003).

Defendant's sentence for violation of his probation did not violate double jeopardy
because, the trial court could, upon finding a violation of probation under
subsection (c) of this section, require defendant to serve the sentence imposed, or
any lesser sentence; if imposition of sentence was suspended, the court could
impose any sentence which originally had been imposed. Sewell v. State,  839 A.2d
666 (Del. 2003).

Where the purposes and procedures of a probation revocation hearing were
fundamentally different from a criminal prosecution, collateral estoppel did not
bar the subsequent prosecution of a criminal charge based on factual allegations
decided adversely to the State in an earlier violation of probation hearing; as a
result, defendant's motion to dismiss the charges was denied. State v. O'Donnell,
-- A.2d -- (Del. Super. Ct. Apr. 7, 2004).

**11 Del.C. §  4334, DE ST TI 11 §  4334**

Current through 2004 Regular Session of the 142nd General Assembly

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.

All rights reserved.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## FORM #585

## MEDICAL GRIEVANCE

FACILITY: _D.C.C_

DATE SUBMITTED: _9~22-05_

INMATE'S NAME: _Kenneth Holland_

SBI#: _167800_

HOUSING UNIT: _SHU 18-D-L-7#_

CASE #: _18169_

////////////////////////////////////////////////////////////////////////////////////////////////////////////

### SECTION #:

DATE & TIME OF MEDICAL INCIDENT: _12~2~04_

TYPE OF MEDICAL PROBLEM:

_On the date of 12-2-04, I was given a check up by Doctor Rogers, after just arriving from the Central Violation of Probation Center. I had numerous injuries that I had complained about such as a cut to my right shoulder, numbness in my thumbs and burning to the face. I was told by Doctor Rogers, that my cut has already began healing, and to let it do its work. I asked to log my injuries to have them on file. She said that she would, be their is know mention of my injuries in my file. I just became awhere of this information today._

GRIEVANT'S SIGNATURE: _Kenneth Holland_        DATE: _9~22-05_

ACTION REQUESTED BY GRIEVANT: _I would like an investigation done, and copy of the findings sent to me._

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

RECEIVED

SEP 2 6 2005

Inmate Grievance Office

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven (7) days from the date of the occurrence or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be received during the next working day.

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOV Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s) :

____ **Vulgar/Abusive or Threatening Language.** The Language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.

/ **Disciplinary Action**      ____ **Parole Decision**      ____ **Classification Action**

√ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate Office to secure the information that is requested.

____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____.

____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

√ **Expired Filing period.** Grievance exceeds seven (7) days from date of occurrence.

_You need to write to FCM. they held the medical contract at the time of this issue_

_____
Inmate Grievance Chairperson

SEP 3 0 2005
_____
Date

## Delaware Department of Correction
## Health Care Services Fee Sheet

**Inmate Name** _____    **SBI #** _____

(Last, First  MI)

**Facility** _____    **Date** _____

| | | |
|---|---|---|
| ___ | Chargeable Visit | 12 / 2 / 04  $4.00 |
| ✓ | Non Chargeable Visit | -0- |
| ___ | Medication Handling Fee ($2.00 X _____ ) | $ _____ |

### Total Amount Charged To Inmate Account          $ _____

**Health Care Staff Signature:** _____

---

## I CERTIFY BY MY SIGNATURE THAT I HAVE RECEIVED THE SERVICES DESCRIBED ABOVE.

**Inmate Signature:** _____    **Date:** _____

**1) *Witness Signature:** _____    **Date:** _____

**2) *Witness Signature:** _____    **Date:** _____

---

The fee for services rendered will be deducted from your inmate account even if the amount deducted generates a negative balance. Any funds received by you will first be applied to any negative balance. Any negative balance remaining on your account when you are released will remain active for three (3) years after the date of release. Should you return to Delaware Department of Correction as an inmate within that three (3) year period, the negative balance will be applied to your inmate account on your new commitment.

Distribution:
Original: Facility Business Office    Posted/Entered by_____ Date_____
Copy:    Inmate Medical Record (yellow)
         Inmate (pink)

*Only needed if inmate refuses or is unable to sign.
**FORM #: 621**

3 part NCR

(C:Copay.96:Form.4)



**Bayhealth** *Medical Center*   KENT GENERAL HOSPITAL   **EMERGENCY**

| DATE: | DOB: |
|---|---|
| | |

K05293-00155   00-1238297   ERK
HOLLAND, KENNETH L
M DOB: 05/15/1970 35Y (302)734-3371
PHYSICIAN, EMERGENC   10/20/05

**INSTRUCTIONS FOR CARE FOLLOWING DISCHARGE FROM THE EMERGENCY DEPT:**
Kent General Hospital Emergency Personnel are specially trained to deal with emergencies. While we are here to help with your immediate health problems the treatment you receive is not meant to take the place of the complete care your doctor will give you. We will advise your local family doctor what we have treated you for by sending him/her a copy of your Emergency Department record. In most cases, we recommend that you see your family doctor for follow-up care. If you do not have a family doctor, please tell us, and we will give you a list of names for you to choose from.

**SPECIAL INSTRUCTIONS:**

**MEDICATION INSTRUCTIONS:**

☑ Fill prescriptions and take medications according to directions.

☑ Do not drink alcohol or take sedatives with this medication.

☑ Do not drive, operate machinery, or perform dangerous tasks while taking this medication.

☑ Take this medication with food.

☐

**FOLLOW-UP INSTRUCTIONS:**

☐ See your family doctor.

☑ Return to the Emergency Department. } ☐ in _____ days   Call for appt.

☑ See Dr. _____   ☐ on _____ at _____ : _____

☐ No work / school _____   ☐ No gym / sports

☐ Light duty _____

☐ May return to work / school _____

☐ Call for Occupational Health appt. _____

PHYSICIAN SIGNATURE:

**I UNDERSTAND THAT:**

I should see my family doctor or return to the Emergency Department if I become worse or develop further problems.

If x-rays were taken, they will be read by a radiologist and I may be called for a recheck or further x-rays if necessary.

I am responsible for arranging my follow-up care.

I have received the above instructions and they were explained to me by an emergency physician or nurse.

INSTRUCTED BY: _____   DATE: _____   TIME: _____

I have read and understand these instructions.

## Summary of Hospital Services and Charges    Account Number: 8529300155



| Date | Description | Amount | Date | Description | Amount |
|------|-------------|--------|------|-------------|--------|
| 102005 | PANORAMIC X-RAY OF JAWS | $39.00 | | | |
| | | | | **Total Amount Due** | $39.00 |

If you require an itemized statement, please call: 302-674-2202

* * * * PLEASE SEE LETTER ON REVERSE SIDE * * * *

### If we do not have insurance information please fill out information below.

Patient Name_____    Date of Birth_____ SS#_____    Marital Status ☐S ☐M ☐D ☐W

Street _____    Home Phone _____

City _____    State _____ Zip _____

Employer _____    Business Phone _____

Employer Address _____

Insurance Company _____    Ins. Company Address _____

Subscriber/Cardholder Name _____    Relationship to Subscriber ☐Self ☐Dependent ☐Spouse ☐Other _____

Identification No. _____    Group No. _____

Job connected illness or injury?  ☐Yes  ☐No    Auto Accident?  ☐Yes  ☐No    Date of Onset or Accident: _____ /_____/_____

Other Insurance Information _____

* If remitting payment, please make sure address **on other side** appears through window *

DO NOT SEND PAYMENTS OR CORRESPONDENCE TO THIS ADDRESS.
KENT DIAGNOSTIC RADIOLOGY
PO Box 835
Oaks, PA 19456

**OFFICE PHONE: 302-674-2202**
Office Hours: 9AM - 4PM Mon. - Fri.

Fax: 1-302-674-8359

03-06-06

KENNETH L HOLLAND
211 N NEW STREET
DOVER, DE 19901

Patient Name: KENNETH L HOLLAND
Account #: 8529300155
Amount Due: $39.00

## FINAL NOTICE!

According to our records, your balance of $39.00 is delinquent and remains unpaid to our practice. Please pay the amount in full immediately using the bottom portion of this letter or call 302-674-2202 to make payment arrangements.

If payment is not received within 10 days your account may be placed for collection without further involvement by KENT DIAGNOSTIC RADIOLOGY.

Please understand that failure to pay could adversely affect your credit rating.

Respond to this collection notice today.

CC: Collection Coordinator

**FINAL NOTICE!**

Please detach and return bottom portion with your payment in enclosed envelope

**GUARANTOR NAME AND ADDRESS:**

KENNETH L HOLLAND
211 N NEW STREET
DOVER, DE 19901

| AMOUNT OF PAYMENT | $ | | Payment Due 3/16/06 |

**SERVICES PROVIDED BY:**

Patient Name: KENNETH L HOLLAND
Account #: 8529300155
Amount Due: $39.00

**KENT DIAGNOSTIC RADIOLOGY ASSOCIATES, P.A.**
P. O. BOX 1256
DOVER, DE 19903-1256

◆ PLEASE SEND ALL PAYMENTS AND

This is the charge record of:
      KENNETH    L HOLLAND                          DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| DOVER | | 01/07/83 | SHOPLIFTING | ARBITRATION |
| DOVER PD DOVER | KENNETH L HOLLAND | 11/27/79 11/22/79 | 5079005241 CONSPIRACY | DISP=ADWH ARBITRATION |
| DOVER PD DOVER | KENNETH L HOLLAND | 11/27/79 11/22/79 | 5079005241 THEFT MISDEMEANOR | DISP=ADWH ARBITRATION |
| DOVER PD DOVER | KENNETH L HOLLAND | 11/27/79 11/22/79 | 5079005241 BURGLARY 2ND | DISP=ADWH ARBITRATION |
| DCC DELAWAR CORRECTIONAL CENTER SMYRN | KENNETH L HOLLAND AG CASE: NC03002108 | 02/14/03 02/10/03 | 4103000005 Promoting Prison Contraband Person Confined Makes Obtains Possesses Contraban | DISP=BOPC DISP=NOLP29 |
| DCC DELAWAR CORRECTIONAL CENTER SMYRN | KENNETH L HOLLAND AG CASE: NC03002108 | 02/14/03 02/10/03 | 4103000005 Promoting Prison Contraband Person Confined Makes Obtains Possesses Contraban | DISP=BOPC DISP=PG |
| DCC DELAWAR CORRECTIONAL CENTER SMYRN | KENNETH L HOLLAND AG CASE: NC03002108 | 02/14/03 02/10/03 | 4103000005 Possession With Intent to Deliver a Nonnarcotic Schedule I Controlled Substanc | DISP=BOPC DISP=NOLP29 |

AG OFFICE DELJIS Charge Summary                    PAGE      1

This is the charge record of:
     KENNETH    L HOLLAND                    DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| DOVER PD DOVER | KENNETH L HOLLAND | 10/02/91 10/02/91 | 5091015032 POSS. W/I DEL. NAR. SCH I OR II | DISP=GLTY |
| CVOP CENTRAL VIOLATION OF PROBATION CT SMYRNA | KENNETH L HOLLAND AG CASE: NC04013862 | 11/30/04 11/26/04 | 6804000005 ASSAULT IN A DETENTION FACILITY INJURY TO ANOTHER | |
| DOVER PD DOVER | KENNETH L HOLLAND AG CASE: KC00000347 | 03/10/00 03/10/00 | 5000005279 CRIMINAL MISCHIEF UNDER $1000 DAMAGE PROPERTY | DISP=WDPH DISP=NOLP29 |
| DOVER PD DOVER | KENNETH L HOLLAND AG CASE: KC00000347 | 03/10/00 03/10/00 | 5000005279 RESISTING ARREST | DISP=WDPH DISP=NOLP29 |
| DOVER PD DOVER | KENNETH L HOLLAND AG CASE: KC00000347 | 03/10/00 03/10/00 | 5000005279 POSSESSION OF DRUG PARAPHERNALIA | DISP=WDPH DISP=NOLP29 |
| DOVER PD DOVER | KENNETH L HOLLAND AG CASE: KC00000347 | 03/10/00 03/10/00 | 5000005279 POSS OF NARC SCH II CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL | DISP=WDPH DISP=NOLP29 |
| DOVER PD DOVER | KENNETH L HOLLAND AG CASE: KC00000347 | 03/10/00 03/10/00 | 5000005279 POSSESSION WITH INTENT TO DELIVER A NARCOTIC SCHEDULE II CONTROLLED SUBSTANCE | REDUCED TO: POSS,USE,CONS.N DISP=WDPH DISP=PGLI |

AG OFFICE DELJIS Charge Summary          PAGE      2

his is the charge record of:
      KENNETH    L HOLLAND                    DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| ENT COUNTY UPERIOR OURT DOVER | KENNETH L HOLLAND | 01/21/00 01/21/00 | VIOLATION OF PROBATION | DISP=GLTY |
| MYRNA PD MYRNA | KENNETH L HOLLAND AG CASE: KC99001659 | 12/02/99 11/16/99 | 5899010204 CRIMINAL MISCHIEF UNDER $1000 DAMAGE PROPERTY | DISP=BONS DISP=NOLP29 |
| MYRNA PD MYRNA | KENNETH L HOLLAND AG CASE: KC99001659 | 12/02/99 11/16/99 | 5899010204 THEFT UNDER $1000 (DEPRIVE) | REDUCED TO: RSP < $1000 DISP=BONS DISP=PGLI |
| MYRNA PD MYRNA | KENNETH L HOLLAND AG CASE: KC99001659 | 12/02/99 11/16/99 | 5899010204 BURGLARY THIRD DEGREE | DISP=BONS DISP=NOLP29 |
| ROOP 3 STAT OLICE OODSIDE | KENNETH L HOLLAND | 12/01/99 12/01/99 | FAILURE TO HAVE INSURANCE IDENTIFICATIO N IN POSSESSION | DISP=NOLP83 |
| ROOP 3 STAT OLICE OODSIDE | KENNETH L HOLLAND | 12/01/99 12/01/99 | FAILURE TO HAVE REGISTRATION CARD IN POSSESSION | DISP=NOLP83 |
| ROOP 3 STAT OLICE OODSIDE | KENNETH L HOLLAND | 12/01/99 12/01/99 | DRIVING WHILE SUSPENDED OR REVOKED | DISP=PG FINE:$50.00 VCF:$9.00 CC:$40.00 |
| ROOP 3 STAT OLICE OODSIDE | KENNETH L HOLLAND | 12/01/99 12/01/99 | EXCEED 50 MPH ON 2 LANE ROADWAYS | DISP=PGAI FINE:$20.00 VCF:$3.60 CC:$40.00 |

AG OFFICE DELJIS Charge Summary          PAGE      3

This is the charge record of:
    KENNETH     L HOLLAND                    DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| TROOP 8 STAT POLICE ODESS | KENNETH L HOLLAND<br><br>AG CASE: KC99001635 | 11/25/99<br>11/25/99 | 0399027594<br>CRIMINAL<br>TRESPASS<br>THIRD DEGREE | DISP=WDPH<br>DISP=NOLP29 |
| TROOP 8 STAT POLICE ODESS | KENNETH L HOLLAND<br><br>AG CASE: KC99001635 | 11/25/99<br>11/25/99 | 0399027594<br>CRIMINAL<br>MISCHIEF<br>UNDER $1000<br>DAMAGE<br>PROPERTY | DISP=WDPH<br>DISP=NOLP29 |
| TROOP 8 STAT POLICE ODESS | KENNETH L HOLLAND<br><br>AG CASE: KC99001635 | 11/25/99<br>11/25/99 | 0399027594<br>CRIMINAL<br>MISCHIEF<br>UNDER $1000<br>DAMAGE<br>PROPERTY | DISP=WDPH<br>DISP=NOLP29 |
| TROOP 8 STAT POLICE ODESS | KENNETH L HOLLAND<br><br>AG CASE: KC99001635 | 11/25/99<br>11/25/99 | 0399027594<br>RESISTING<br>ARREST | DISP=WDPH<br>DISP=NOLP29 |
| TROOP 8 STAT POLICE ODESS | KENNETH L HOLLAND<br><br>AG CASE: KC99001635 | 11/25/99<br>11/25/99 | 0399027594<br>CONSPIRACY<br>SECOND DEGREE<br>AGREEMENT TO<br>ENGAGE | DISP=WDPH<br>DISP=NOLP29 |
| TROOP 8 STAT POLICE ODESS | KENNETH L HOLLAND<br><br>AG CASE: KC99001635 | 11/25/99<br>11/25/99 | 0399027594<br>ATTEMPTED<br>THEFT $1000<br>OR GREATER<br>(DEPRIVE | DISP=WDPH<br>DISP=NOLP29 |
| TROOP 8 STAT POLICE ODESS | KENNETH L HOLLAND<br><br>AG CASE: KC99001635 | 11/25/99<br>11/25/99 | 0399027594<br>ATTEMPTED<br>THEFT $1000<br>OR GREATER<br>(DEPRIVE | DISP=WDPH<br>DISP=PG |
| TROOP 8 STAT POLICE ODESS | KENNETH L HOLLAND<br><br>AG CASE: KC99001635 | 11/25/99<br>11/25/99 | 0399027594<br>POSSESSION OF<br>BURGLAR'S<br>TOOLS | DISP=WDPH<br>DISP=PG<br>CONF:3Y<br>CREDIT DAYS: 1 |

AG OFFICE DELJIS Charge Summary          PAGE          4

This is the charge record of:
    KENNETH    L HOLLAND                         DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| | | | | CONSECUTIVE |
| DOVER PD DOVER | KENNETH L HOLLAND | 09/14/99 09/14/99 | 5099021651 CONTEMPT OF COURT CCP | DISPOSITION UNOBTAINABLE |
| DOVER PD DOVER | KENNETH L HOLLAND | 09/14/99 09/14/99 | DRIVING WHILE SUSPENDED OR REVOKED | DISP=GLTY FINE:$50.00 VCF:$9.00 CC:$30.00 |
| DOVER PD DOVER | KENNETH L HOLLAND | 03/08/99 03/08/99 | DRIVING WHILE SUSPENDED OR REVOKED | AMENDED TO: FAIL TO REINSTA DISP=TNJG FINE:$100.00 VCF:$18.00 CC:$40.00 SUSPENDED PROB:1Y PAY PD FEE CONSECUTIVE |
| CAPITOL PD Dover | KENNETH L HOLLAND | 04/11/96 03/28/96 | 9696000525 DISORDERLY CONDUCT NOISE OFFENSIVE UTTERANCE GESTURE DISPLAY ABUSIVE LANGUAGE | DISP=PG FINE:$50.00 VCF:$9.00 CC:$40.00 |
| DOVER PD DOVER | KENNETH L HOLLAND | 03/19/96 03/19/96 | 5096004472 CONTEMPT OF COURT CCP | DISPOSITION UNOBTAINABLE |
| DOVER PD DOVER | KENNETH L HOLLAND | 03/16/96 03/16/96 | 5096004245 HINDERING PROSECUTION PREVENT OBSTRUCT BY FORCE INTIMIDATION DECEPTION APPRE | DISP=TNJG FINE:$100.00 VCF:$18.00 CC:$40.00 CONF:1Y SUSPENDED INTS:6M HELD L3 SENT RUNS AT EXPIR. |

This is the charge record of:
    KENNETH    L HOLLAND           DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| | | | | OF SUPERIOR COURT SENT CONCURRENT |
| DOVER PD DOVER | KENNETH L HOLLAND<br><br>AG CASE: KC96000299 | 02/26/96 02/26/96 | 5096003094 FALSELY REPORTING AN INCIDENT REPORT TO LAW OFFICER AGENCY INCIDENT NOT OCCUR | DISP=WDPH DISP=NOLP29 |
| DOVER PD DOVER | KENNETH L HOLLAND<br><br>AG CASE: KC96000299 | 02/26/96 02/26/96 | 5096003093 CRIMINAL MISCHIEF OVER $1500 DAMAGE PROPERTY | DISP=WDPH DISP=NOLP29 |
| DOVER PD DOVER | KENNETH L HOLLAND<br><br>AG CASE: KC96000299 | 02/26/96 02/26/96 | 5096003093 THEFT OVER $500 | DISP=WDPH DISP=NOLP29 |
| DOVER PD DOVER | KENNETH L HOLLAND<br><br>AG CASE: KC96000299 | 02/26/96 02/26/96 | 5096003093 BURGLARY THIRD DEGREE | DISP=WDPH DISP=PG CC:$305.00 CONF:3Y SUSPENDED SUP COSTS THE DEFENDANT SHALL SELF REPORT TO THE DCC AT 9:00 AM ON MAY 27, 1996.  AFTER SERVING 6 MONTHS THE BALANCE O VIOL O/PROBATN DISP=GLTY VIOL O/PROBATN DISP=GLTY CONF:2Y6M |

AG OFFICE DELJIS Charge Summary          PAGE        6

This is the charge record of:
KENNETH    L HOLLAND                    DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| | | | | SUSP TO:1Y LEVEL:3 CONSECUTIVE |
| DOVER PD DOVER | KENNETH L HOLLAND | 02/12/96 02/12/96 | OPERATION OF AN UNREGISTERED MOTOR VEHICLE | DISP=NOLP83 |
| DOVER PD DOVER | KENNETH L HOLLAND | 02/12/96 02/12/96 | FAILURE TO REINSTATE LICENSE | DISP=PG FINE:$50.00 VCF:$9.00 CC:$60.00 |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 BURGLARY SECOND DEGREE ARMED WITH EXPLOSIVES OR A DEADLY WEAPON | DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 CRIMINAL MISCHIEF OVER $1500 DAMAGE PROPERTY | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 CONSPIRACY SECOND DEGREE AGREEMENT TO ENGAGE | DISP=DMPH DISP=NOLP29 |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OVER $500 | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 CONSPIRACY SECOND DEGREE AGREEMENT TO ENGAGE | DISP=BOPC DISP=TNG |

AG OFFICE DELJIS Charge Summary          PAGE      7

This is the charge record of:
         KENNETH    L HOLLAND                      DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND  AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 POSSESS A DEADLY WEAPON BY A PERSON PROHIBITED PRIOR VIOLENT CRIME FELONY | DISP=BOPC DISP=PG FINE:$200.00 VCF:$36.00 CONF:2Y SUSP TO:1Y LEVEL:1 SUSP TO:1Y LEVEL:2 VIOL O/PROBATN DISP=GLTY CONF:1Y SUSP TO:9M LEVEL:3 CONCURRENT VIOL O/PROBATN DISP=GLTY |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND  AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND  AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND  AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 CONSPIRACY SECOND DEGREE AGREEMENT TO ENGAGE | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND  AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND  AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND  AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT | KENNETH L HOLLAND | 06/29/95 | 0395007516 | DISP=BOPC |

AG OFFICE DELJIS Charge Summary         PAGE        8

This is the charge record of:
        KENNETH      L HOLLAND                    DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| POLICE WOODSIDE | AG CASE: KC95000710 | 05/26/95 | CONSPIRACY SECOND DEGREE AGREEMENT TO ENGAGE | DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | REDUCED TO: RSP >$1000 DISP=BOPC DISP=TGLI |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 CONSPIRACY SECOND DEGREE AGREEMENT TO ENGAGE | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 CONSPIRACY SECOND DEGREE AGREEMENT TO ENGAGE | DISP=BOPC DISP=TNG |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND AG CASE: KC95000710 | 06/29/95 05/26/95 | 0395007516 THEFT OF A FIREARM | DISP=BOPC DISP=TNG |

| DOVER PD DOVER | KENNETH L HOLLAND | 10/02/91 10/02/91 | 5091015032 VIOLATION OF PROBATION | DISP=GLTY CONF:1Y6M PART:3M INTS:1Y CONCURRENT |
|---|---|---|---|---|
| DOVER PD DOVER | KENNETH L HOLLAND | 10/02/91 10/02/91 | 5091015032 VIOLATION OF PROBATION | DISP=GLTY |
| DOVER PD DOVER | KENNETH L HOLLAND AG CASE: KC91000734 | 10/02/91 10/02/91 | 5091015032 TRAFFICKING IN COCAINE 5 GRAMS TO 50 GRAMS | DISP=TG CONF:2 Y |
| TROOP 3 STAT POLICE WOODSIDE | KENNETH L HOLLAND | 10/02/91 09/26/91 | 0391012804 OFFENSIVE TOUCHING | DISP=QUAS |
| DOVER PD DOVER | KENNETH L HOLLAND AG CASE: KC91000734 | 10/02/91 10/02/91 | 5091015032 POSS W I TO DEL MANUF NAR  SCH I OR II | DISP=TG PROB:2 Y CONF:2 Y  SUSP:2 Y |
| DOVER PD | KENNETH L HOLLAND | 09/03/91 | 5091013119 | DISP=DISM |

AG OFFICE DELJIS Charge Summary          PAGE      10

This is the charge record of:
     KENNETH      L HOLLAND              DOB 05/15/1970 SBI # 00164800

| Arresting Agency | Name (Including Aliases) | Date of Arrest/ Offense | Complaint Number/ Charge | Disposition |
|---|---|---|---|---|
| DOVER | | 09/03/91 | MENACING | UNDER RULE 48B |