In The United State District Court For The
District of Delaware

Kenneth L. Holland
 - Plaintiff -

- vs -

Stan Taylor, et al;
 - Defendant -

C.A. No. 05-464-(SLR)



FILED
AUG - 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Plaintiff's Interrogatories and Request for Production of Documents

Pursuant to Rules 33, and 34, Fed. R. Civ. P., The Plaintiff submits the following interrogatories and requests for documents to the defendants. You are directed to answer each of the interrogatories in writting under oath, and produce each of the requested document for inspection and copying, within 30 days of service.

1.) State the duties of defendant Stan Taylor, commissioner of Prison and for the Department of Corrections. If this is forth in any document or job description, produce the document.

    A.)

2.) State any and all policies, directives or instructions to

1.

all facilities, by defendant Stan Taylor, or his administration that would instruct all facilities on the proper procedures to follow regarding the guideline to title 11 Del. C. §4334, Section (d), subsection (c)., If those procedures are set forth in any documents, produce the documents.

A.)

3.) State the duties of defendant Robert George, Warden for the administration at South Violation of Probation Center, insofar as they pertain to any and all policies, directives, or instructions to staff, regarding all inmates who have been given sanction according to guidelines of title 11 Del. C. §4334, Section (d), subsection (c). and the steps taken to insure that these guidelines are being followed. If those are set forth in any document, produce the documents.

A.)

4.) State any and all policies, directives, or instructions to staff or inmates at South Violation of Probation Center, pertaining to the procedures for inmates to follow, when requesting for mailing supplies. If this is set forth in any document, produce the document.

A.)

5.) State the names, titles and duties of the staff members who sat on the M.D.T. Board at Morris Correctional Institution, on June 29, 2004., At the Plaintiff's disciplinary hearing. If their is a document that shows the decision and sanction time given, produce those document.

A.)

6.) State any and all policies, directives or instructions to staff on what to do when an resident at Morris Correctional Institution, has a disciplinary hearing. If this is set forth in any document, produce the document.

A.)

7.) State what procedure do staff at Morris Correctional Institution take to keep track of its residents who leaves the facility and when they return. If this is set forth in any document or log-book, produce the document or log-book for June 29, 2004., between 7:00 A.M. – 5:00 P.M.

A.)

8.) State the name and place of employment that the Plaintiff worked while at Morris Correctional Institution, If this is set forth in any document,

3.

produce the document.

A.)

9.) State how Morris Correctional Institution determines who and how many inmates and what facility they will be arriving or transfered from, to that facility. If this is set forth in any documents, produce the documents from the date of July 15, 2004 to Nov 26, 2004.,

A.)

10.) State any and all policies, directives, or instructions to staff concerning the use of cap-stan or other chemical agents by Central Violation of Probation Center, (C.V.O.P)., If this is set forth in any document. "Like an sandard operting procedure manual"., produce the documents.

A.)

11.) State the names of any and all staff members who Resides on the Review board for each of the facilities, S.V.O.P., and C.V.O.P., That would review all cases where an inmate has been placed at the above facilities. pursuant to title 11. Del. C. § 4334, Section (d.)., during the period of July 15, 2004., to Nov 26, 2004.

A.)

4.

12.) State how counselors or the administration at the Central Violation of Probation Center, determines where an inmate is placed on the waiting list to be transferred to work-release, produce all documents of this waiting list during the period of July 15, 2004 to Nov 26, 2004., As well as all names of inmates that was on the waiting list to be transferred to Morris Correctional Institution

   A.)

13.) State the procedure, policies, directives, or instructions to all staff at C.V.O.P., on what to do when entering a pod or living quarters of inmates., If this is set forth in any document, produce the document.

   A.)

14.) State the names and known addresses of all staff members at C.V.O.P., who worked on the morning of Nov 26, 2004, and any staff members who wrote up an incident report, involving the incident between the Plaintiff and defendant Adam Bramble, produce all incident reports.

   A.)

15.) State the duties of defendant Scala, as counselor at C.V.O.P., and any and all policies, directives, or instructions to defendant Scala, pertaining to all inmates who's been sent to serve sanction at C.V.O.P., and when they would be sent back to the inmates original status after sanction. If this is set forth in any document, produce the documents.

A.)

16.) State the names of all staff members in the records department at the C.V.O.P., who had control of or any transfer information, between 7-15-04, and 11-26-04, on inmates that would be transferred to work release. If this is set forth in any documents, produce the documents.

A.)

17.) State the duties of defendant Vincent Bianco, and the facility an which the defendant is employed, as well as any and all policies, directives, or instructions to staff, pertaining to all inmates who's been given sanctions according to title 11 Del. C. §4334, section (d)., and the steps taken to insure that those steps are being followed. If this is set forth in any document, produce the documents.

A.)

18.) State the duties of defendant Barbara Costello, at the S.V.O.P. center, and if these duties or job description explains or shows when inmates should be transferred to other facilities. If this is set forth in any document or any other document pursuant to title 11 Del. C. §4334, Section (d)., produce the documents.

A.)

19.) State the duties of defendant Michael Costello, at the S.V.O.P. center, and defendants role in hearings on inmates who's been sanctioned to S.V.O.P., as how and when does there review takes place, and when did the Plaintiff review took place. If this is set forth in any document, produce the documents.

A.)

### Request for Production of Documents

20.) Any and all logs, lists or documents that would reflected at what times defendant Adam Bramble, conducted his routine aera checks at the C.V.O.P. center, during the dates of July 15, 2004, to Nov 26, 2004.

21.) Plaintiff's complete medical file for July 15, 2004, to Aug 18, 2005.

7

22.) Any and all medical reports, photograph of any injuries, or other documents reflecting defendant Adam Bramble's injuries.

23.) Complete transcripts of testimony given in Plaintiff's criminal trial involving defendant Adam Bramble.

24.) Any logs, lists, or other documentation reflecting grievances filed by C.U.D.P. inmates, being sent to work release.

25.) Any logs, lists, complaints or other documentation reflecting grievances filed by inmates on defendant Adam Bramble.

Wherefore, Plaintiff respectfully request that this Honorable court grant his motion for Interrogatories and Request for Production of Documents.

Kenneth Lee Nolland
SBI# 167800
D.C.C.
1181 Paddock Rd.
Smyrna, De 19977

Date: 7-13-06

