IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH L. HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-464-SLR |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Stanley Taylor, Vincent Bianco, Adam J. Bramble, Michael Records, Bob George, Michael Costello, Barbara Costello, the Department of Correction, Stephen Devine and Helen Moore ("Defendants") hereby respond to Plaintiff's Interrogatories and Request for Production ("Interrogatories"):

## GENERAL OBJECTIONS

1.  Defendants object to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.  Defendants object to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.  Defendants object to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Defendants object to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6. Defendants object to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Defendants object to the Interrogatories to the extent that they seek the production of documents generated by or received from their counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1. State the duties of Defendant Stan Taylor, Commissioner of Prison and for the Department of Corrections. If this is [set] forth in any document or job description, produce the document.

**RESPONSE:**

The Commissioner is the chief executive and administrative officer of the Department of Correction. The duties and responsibilities of the Commissioner are outlined in 11 *Del. C.* §6517. In part the Commissioner shall carry out and provide for (1) promulgating rules and regulations regarding the Department; (2) the organization, maintenance, control and operation of the Department; (3) the custody, study, training, treatment, correction and rehabilitation of persons committed to the Department; (4)

regulating the nature and limitations of authorized punishments for violations of the rules established for the government of any institution or facility under the jurisdiction of the Department….. (5) the administration, supervision, operation, management and control of state correction institutions, ….(6) the management and control of institutional labor and industry; (7) operation of probation and parole filed services; (8) the employment of such offices and employees ….to discharge the functions of the Department.

2.      State any and all policies, directives or instructions to all facilities by defendant Stan Taylor, or his administration that would instruct all facilities on proper procedures to follow regarding the guideline to Title 11 Del. C. § 4334, Section (d), subsection (c). If those procedures are set forth in any documents, produce the documents.

**RESPONSE:**
   Objection. Title 11 Del. C. § 4334 pertains to violation of probation and has no relevance to this cause of action.

3.      State the duties of Defendant Robert George, Warden for the administration at South Violation of Probation Center, insofar as they pertain to any and all policies, directives, or instructions to staff, regarding all inmates who have been given sanction according to guidelines of Title 11 Del. C. § 4334, Section (d), subsection (c) and the steps taken to insure that these guidelines are being followed. If those are set forth in any document, produce the documents.

**RESPONSE:**
   Objection. Title 11 Del. C. § 4334 pertains to violation of probation and has no relevance to this cause of action.

4.      State any and all policies, directives, or instructions to staff or inmates at South Violation of Probation Center, pertaining to the procedures for inmates to

follow, when requesting for mailing supplies. If this is set forth in any document, produce the document.

**RESPONSE:** DOC Bureau of Community Custody/Sussex Community Correction Center SOP #8.72. Information on mail services is also found in the Orientation Manual, which the plaintiff received and signed for, issued to each offender upon entering the SVOP. Regarding mail privileges, the manual instructs offenders "to follow procedures posted on the POD bulleting boards." (See Mail Procedures at Exhibit "A" Documents Filed Under Seal )

5.  State the names, titles and duties of the staff members who sat on the M.D.T. Board at Morris Correctional Institution, on June 29, 2004, at the Plaintiff's disciplinary hearing. If there is a document that shows the decision and sanction time given, produce those documents.

**RESPONSE:** The staff members of the M.D.T. Board present at the June 29, 2004, hearing were: Sgt. Wilbur Justice, Counselor Supervisor Kent Raymond and Counselor Theresa DeMarco. (See Program Violation at Exhibit "A" Documents Filed Under Seal )

6.  State any and all policies, directives or instructions to staff on what to do when a resident at Morris Correctional Institution has a disciplinary hearing. If this is set forth in any document, produce the document.

**RESPONSE:** The offender is written up and told of the infraction. A hearing is scheduled with the MDT board which is held on Tuesdays. The offender can check the box that indicates he wants to be present for the hearing. The hearing is held on the scheduled date and if the offender is found guilty he then receives a sanction.

7.  State what procedure do staff at Morris Correctional Institution take to keep track of its residents who leave the facility and when they return. If this is set forth in any document or log-book, produce the document or log-book for June 29, 2004, between 7:00 a.m. – 5:00 p.m.

**RESPONSE:** See Roster for Tuesday, June 29, 2004. (See MCCC Work Roster at Exhibit "A" Documents Filed Under Seal )

8.    State the name and place of employment that the Plaintiff worked while at Morris Correctional Institution. If this is set forth in any document, produce the document.

**RESPONSE:**   Tazelaar Roofing. (See Response to Interrogatory #7 with Work Roster at Exhibit "A" Documents Filed Under Seal )

9.    State how Morris Correctional Institution determines who and how many inmates and what facility they will be arriving or transferred from, to that facility. If this is set forth in any documents, produce the documents from the date of July 15, 2004 to November 26, 2004.

**RESPONSE:**    Level V facilities on a weekly basis provide a list to Central Administration of the number of inmates that are ready to be transferred to Level IV. On a weekly basis Level IV facilities also inform Central Administration of the bed availability at their facilities. Central Administration then makes a list determining what facility the inmates will go.

10.    State any and all policies, directives, or instructions to staff concerning the use of cap-stun or other chemical agents by Central Violation of Probation Center, (C.V.O.P.). If this is set forth in any document, "like a standard operation procedure manual," produce the documents.

**RESPONSE**:    Objection. This Interrogatory seeks production of confidential information protected from discovery by 11 *Del.C* §4322

11.    State the names of any and all staff members who reside on the Review Board for each of the facilities, S.V.O.P., and C.V.O.P., that would review all cases where an inmate has been placed at the above facilities pursuant to Title 11

Del. C. § 4334, Section (d), during the period of July 15, 2004 to November 26, 2004.

**RESPONSE:** Objection. Title 11 *Del.C.* §4334 pertains to violation of probation and has no relevance to this action.

12. State how counselors or the administration at the Central Violation of Probation Center determines where an inmate is placed on the waiting list to be transferred to work release, produce all documents of this waiting list during the period of July 15, 2004 to November 26, 2004, as well as all names of inmates that were on the waiting list to be transferred to Morris Correctional Institution.

**RESPONSE:** The CVOP Records Office maintains the central waiting list. Offenders are placed on the list by the effective date of their sentence or parole paperwork. CVOP is contacted by Central Administration to inform them of the number of beds available at a specific work release facility. The names of the offender(s) with the longest effective sentencing date i.e., inmate(s) who have been at CVOP for the longest time are given to the Central Administration who then puts the offenders on a transfer list for the next business day. This CVOP list is a spreadsheet which is updated daily therefore, there is no record kept of who is on the daily list.

13. State the procedure, policies, directives, or instructions to all staff at C.V.O.P., on what to do when entering a pod or living quarters of inmates. If this is set forth in any document, produce the document.

**RESPONSE:** There is no policy, procedure or instructions at the CVOP regarding entering pod or living quarters of inmates.

14. State the names and known addresses of all staff members at C.V.O.P. who worked on the morning of November 26, 2004, and any staff members who wrote up an incident report, involving the incident between the Plaintiff and defendant Adam Bramble, produce all incident reports.

**RESPONSE:**   (See Incident Reports at Exhibit "A" Documents Filed Under Seal )

15.   State the duties of defendant Scala, as counselor at C.V.O.P., and any and all policies, directives or instructions to defendant Scala, pertaining to all inmates who have been sent to serve sanction at C.V.O.P., and when they would be sent back to the inmates original status after sanction.  If this is set forth in any document, produce the documents.

**RESPONSE:**  Objection. This Interrogatory is directed to Cindy Scala who has not been served with the Complaint and is not a Defendant in this action.

16.   State the names of all staff members in the records department at the C.V.O.P., who had control of or any transfer information between July 15, 2004 and November 26, 2004, on inmates that would be transferred to work release.  If this is set forth in any documents, produce the documents.

**RESPONSE:**    John Huff and Lynne Clendaniel are in the Records Office and maintain the transfer list.

17.   State the duties of defendant Vincent Bianco, and the facility in which the defendant is employed, as well as any and all policies, directives, or instructions to staff, pertaining to all inmates who have been given sanctions according to Title 11 Del. C. § 4334, Section (d), and the steps taken to insure that those steps are being followed.  If this is set forth in any document, produce the documents.

**RESPONSE:**  Objection. 11 Del. C. §4334 pertains to violation of probation and has no relevance to this case. Without waiving this objection Defendant's duties consist of  the following:  providing protection to the public by providing intensive supervision to offenders in the community; promoting long term public safety through programs of rehabilitation for offenders by addressing problems which lead to future criminal activity; provide a range of correctional programs necessary to meet the needs of both society and the individual while

implementing court ordered sanctions in the least restrictive environment consistent with public safety. Defendant is the Warden at the Morris Correctional Institution and the Central Violation of Probation Center.

18.     State the duties of defendant Barbara Costello at the S.V.O.P. Center and if these duties or job description explains or shows when inmates should be transferred to other facilities. If this is set forth in any document or any other document pursuant to Title 11 Del. C. § 4334, Section (d), produce the documents.

**RESPONSE:**

Objection. 11 Del. C. § 4334 pertains to violation of probation and has no relevance to this case. Without waiving this objection defendant Barbara Costello is the transfer officer at the SVOP. Defendant's duty is to coordinate the transfer of offenders waiting to go to Level IV work release or the Crest program once approval is given by the records department. Defendant contacts the Central Transfer Officer in Dover with the names and the number of inmates that can be transferred from the SVOP. A list of transfers statewide is then generated. Usually, the procedure provides that if the offender who is waiting on work release is from Sussex County then depending on bed availability, the offender will be sent to the Sussex Work Release Center.

19.     State the duties of defendant Michael Costello, at the S.V.O.P. Center, and defendants role in hearings on inmates who have been sanctioned to S.V.O.P., as how and when does their review take place, and when did the Plaintiff's review take place. If this is set forth in any document, produce the documents.

**RESPONSE:**
Defendant Costello is the Security Supervisor for the SVOP and is responsible for security at the facility as well as activities related to Escapee Recovery for the institution. Defendant reports to either the Deputy Warden or Warden about these activities and/or incidents which occur at the SVOP and ERT activities in the community. Defendant is not responsible for reviewing records of any offender whether already committed to the SVOP or transferred here from another facility. Defendant did not participate in the sanction given to the plaintiff nor does the defendant participate in the appeal process.

## REQUEST FOR PRODUCTION OF DOCUMENTS

20. Any and all logs, lists or documents that would reflect at what times defendant Adam Bramble, conducted his routine area checks at the C.V.O.P. Center during the dates of July 15, 2004 to November 26, 2004.

**RESPONSE:**

   Objection. This Interrogatory is overly broad and unduly burdensome. Without waiving this objection see attached log sheet for November 26, 2004. (See Log Book Page at Exhibit "A" Documents Filed Under Seal )

21. Plaintiff's complete medical file for July 15, 2004 to August 18, 2005.

**RESPONSE:**   (See Medical File at Exhibit "A" Documents Filed Under Seal )

22. Any and all medical reports, photograph of any injuries, or other documents reflecting defendant Adam Bramble's injuries.

**RESPONSE:**   (See Medical Reports and Photographs at Exhibit "A" Documents Filed Under Seal )

23. Complete transcripts of testimony given in Plaintiff's criminal trial involving defendant Adam Bramble.

**RESPONSE:**   Objection. Defendants are not in possession of this document.

24. Any logs, lists, or other documentation reflecting grievances filed by C.V.O.P. inmates, being sent to work release.

**RESPONSE:**

Objection. This interrogatory is not relevant, overly broad, vague and unduly burdening. Further objection that this Interrogatory seeks information not relevant

to the claims set forth in the complaint nor reasonably calculated to lead to he discovery of admissible evidence. Further objection that information requested is protected by 11 *Del.C.*§4322

25.    Any logs, lists, complaints or other documentation reflecting grievances filed by inmates on defendant Adam Bramble.

**RESPONSE:**

Objection. This Interrogatory seeks production of confidential information protected from discovery by 11 *Del.C.*§4322 and by 29 *Del.C.*§10001. Further objection that this Interrogatory is overly broad, vague and unduly burdensome.

                                              **STATE OF DELAWARE**
                                              **DEPARTMENT OF JUSTICE**

                                              /s/ Eileen Kelly
                                              Eileen Kelly, I.D. No. 2884
                                              Deputy Attorney General
                                              820 North French Street, 6th fl.
                                              Wilmington, DE 19801
                                              (302) 577-8400
                                              eileen.kelly@state.de.us
                                              Attorney for Defendants

Dated: September  28, 2006

## *CERTIFICATE OF SERVICE*

I hereby certify that on September 28, 2006, I electronically filed *Defendants' Response to Plaintiff's Interrogatories and Request for Production* with the Clerk of Court using CM/ECF. I hereby certify that on September 28, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Kenneth Holland.

/s/ Eileen Kelly
Eileen Kelly (ID # 2884)
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us