In The United States District Court
for the District of Delaware

Kenneth L. Holland
  ~ Plaintiff ~

vs                                    C.A. No. 05-464-SLR

Stanley Taylor, et al.
  ~ Defendants ~



Brief In Opposition to Defendant(s)
Summary Judgment Motion

1. Plaintiff Kenneth L. Holland, filed a 42 U.S.C. 1983 prisoners civil rights action claim naming, Stanley Taylor, Vincent Bianco, Michael Records, Bob George, ect,. as Defendant's.

The Plaintiff has a current pending motion to Amend before this court, which seeks to add and dismiss.

A.) The Plaintiff had wish to add the defendant's responsible for violating Plaintiff constitutional rights. -"Raymond, Justice, and DeMarco, as those individual.

B.) The Plaintiff had wish to release, Stephen Devine, Helen Moore, and Bill Etto, any responsiblity's as defendant's in this case.

2.) After Plaintiff had served a sentence for a number of offense's, "which was imposed on June 2000.,.. [ See sentencing order attached as Exhibit A.)]...

Plaintiff was ordered to serve one year supervision level IV work release, and to be held at level V inteal bed space becomes available. when Plaintiff began his level IV sentence, he was first transferred to the Wed Correctional facility in March 2004, . . . . . .[which is another level V facility.]...
Plaintiff first arrived at Central Violation of Probation Center, "(CVOP)", at the end of May 2004, .. to await bed space to Morris Community Correctional Center. (M.CCC.). After a short time waiting, Plaintiff was transferred to (MCCC). in earily June 2004, ..
On June 28, 2004, Plaintiff was involved in a dispute, where the Plaintiff received a program violation. On June 29. 2004,, a (M.D.T.) board. hearing was held without the Plaintiff being there, and against the Plaintiff's request., . . ( see, sanction - and, [ see copy of the work roster dated for the 29TH of June 2004, . ]. as. Exhibit (B)...

3.) Plaintiff received 14 days sanction at the Sussex Violation of Probation center, (SVOP). .That sanction given to Plaintiff, is a clear violation of State law. ..( see title 11 Del. C. § 4334, Section (5), ▓▓ sub--section (d). . .

2

. . . . That gives the Department the authorization to administratively resolve technical and minor violation of the conditions of probation or supervision at accountability levels I, II, III or IV when a sanction less restrictive then level V is being sought by the Department as a result of the violation. and it's futher authorized to administratively resolve techical and minor violation of conditions of the conditions of Probation at accountability levels I, II, III or IV by placing the probationer at accountability level IV for a period of not more then 5 days consecutively, and not more then 10 days in any one calendar year.

4.) After arriving at (SVOP) on July 1, 2004. Plaintiff couldn't file an appeal in a timely manner do to (SVOP)'s procedures that's in place, . [see Exhibit- (C)(D) "the State of Delaware Bureau of Prisons", Procedure 4.2 and SCCC Residents Orientation Manual.

5.) Plaintiff arrived at (CVOP) in July 14, 2004. he had good reason to believed that the wait for bed space back to (MCCC), would be short, and according to (CVOP) - ▓▓▓▓ - Offenders are placed on the waiting list by their effective date of their sentence, . . . . .

. . . The names of the offenders with the longest effective sentencing date I.E, inmates who have been at (CUDP) for the longest time are given to the Central Administration who then puts the offenders name on the transfer list for the next business day. And since the Plaintiff met all the requirements to be transferred - (■ such as the Plaintiff's effective date for level IV is March of 2004, and Plaintiff have been at the (CUDP) for nearly five months," from July 15, 2004, to November 26, 2004, which made the Plaintiff's wait to be transferred back to (MCCC), one of the longest.

## Memorandum of Law.

The Plaintiff have provided enough evidence to show that the members of the (M.D.T. Board), where the individuals responsable for the claims made against them, And since the members of the (M.D.T. Board), who soul responsablity is to resolve disc-iplinary "minor and technical violation of the program, that comes before them

And once the (M.D.T. Board) members sanctioned the Plaintiff out side of State Statutes," which created a liberty interest".

The State Statutes only requires for "five" days be given when sanctioning offenders for minor or technical violations, . (see; Exhibit _____, -(d) and (E). . . .

. But in this case, the (M.D.T.) Board sanctioned the Plaintiff to 14 days, and the ordered to wait, making the Plaintiff's ended up serving more then 4 and a half months, before the Plaintiff assaulted and wrongfully accused of assaulting an officer, then placed at a level I facility.

4. the Plaintiff was sanctioned by (M.C.C.C.) at the time a clearly established State statutes was in place, shows that liberty interest exists. (see; Couino v. Vermont Dept. of Corrections, 933 F.2d 128, 129-30 (2d Cir. 1991). Department of Corrections

I. And because the defendant's operated out-side of clearly established State statutes, could be held liable in their Official Capacities., But the other defendant's should be held individual Capacitie.

Once sanction was given, offenders are placed either at (SWOP) or (CUCP), These facilities are used to housed the individuals who commit a minor or technical violation," in accordence with title 11, Del C. § 4334, subsection (d). as shown in Exhibit (E).

The defendant's at these facilities knew of the sanction or should have known, because the sanction would be required to be placed in the Plaintiff file, for administrative review for all cases in which an offender is placed at level IV pursuant to,

5

In this case, these defendant's failure to act, causes a constitutional violation, (see; <u>Greason v. Kemp, 891 F. 2d 829, 836 (11TH Cir. 1990).</u> this Circuit have held that a supervisor can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the Plaintiff.

Both (MCCC) and (QVCP) made claims that the names of offenders to be transferred is given to Central Administration, and then Central Administration places that offenders name on the transfer list the next business day.

That Administration is ran under Commissioner Stanley Taylor, . (see; <u>Defendant's Interrogatories Response, Exhibit (F)</u> answers 1, 9, 12.

II. Defendant's are not entitled to Judgment, defendant's claim that Plaintiff had no constitutional right to work-release, But Plaintiff was actively participating in the work-release program at the time sanction was given, and through State Statutes requires for the offender to a short sanction period, and everything after created a constitutional violation.. and that State Statutes along with the sanction given, declare that the offender should return to the status that issued the sanction.

and since the Plaintiff wasn't returning, that action created a liberty interest.

While most of all Plaintiff's hardship came while housed at the (CUOP), .. "which supervisor is Mike Records,". Through eye-witness testimony, the Plaintiff would show that the Plaintiff feared that he would be harmed, which led to the assault and being wrongfully accused of assaulting an officer, the Plaintiff was then transferred to a Level V facility in connection with that incident. (see; testimony from witness, Exhibit (G) . . (see; Olynick v. Taylor, county, 643 F. Supp. 1100, 1103-04 (W.D. Wis 1986). †Tate v. Carlson, 609, F. Supp 7, 10 (S.D.N.Y. 1986).

III. Defendant's can be held liable of constitutional violations even if their was only Indirect Participation, because if an official failure to act, would or could causes a constitutional violation.

The 7TH, Circuit court have held that supervisors who either knew of brutality or purposely avioded finding out about it, could be held liable. (see; Jones v. City of Chicago, 856 F.2d 985, 992-93 (7TH Cir. 1988).

In this case, Stanley Taylor, states his job function and responsability in Exhibit (F) Both (MCCC) and (CUOP). states that it would

be the Central Administrations job to place the offenders name on the transfer list for the next business day. (see: Exhibit (A) Response 9, 12.).

IV. Defendant's are not entitled to Qualified immunity in their individual Capacities.

To determine whether a state official is entitled to qualified immunity, the court must conduct a two-part inquiry; A court required to rule upon the qualified immunity issue must consider this threshold question: taken in the light most favorable to the party asserting the injury...

1.) Do the facts alleged show the officers conduct violated a constitutional right. In this case, the defendant's disregarded and failure to return the Plaintiff to (MCCC), caused Plaintiff extreme stress, along with the fear that the Plaintiff would be harmed, only supports that the fear was just, because Plaintiff then was assaulted by an Officer at the (CVOP).

2.) If a violation could be made out on a favorable view of the party' submission, the next, sequential step is to ask whether the right was clearly established; And in this case, that right is clearly established in State Statute

8.

shown in Exhibit (E).

Therefore, the defendant's should lose all their immunity, because they where no longer performing discretionary function, (see: _Harlow v. Fitzgerald_, 457 U.S. 800, 818, 102 S.CT. 2727 (1982).

Therefore, the Plaintiff respectfully request that the defendant's summary judgment be denied.

Date: Dec 22, 2006

Kenneth L. Holland
Department of Correction
1181 Paddock Rd
Smyrna, Delaware
- 19977

I/M Kenneth Nolland
SBI# 104800   UNIT 23-A-U-3
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk Office
United States District Court
844 N. King St.
Wilm, De 19801

US POSTAGE $04.05
DEC 22 2006
MAILED FROM ZIP CODE 19977