Exhibit E.


MHU Law Library



C
West's Delaware Code Annotated Currentness
Title 11. Crimes and Criminal Procedure
Part II. Criminal Procedure Generally
Chapter 43. Sentencing, Probation, Parole and Pardons
Subchapter III. Probation and Sentencing Procedures

**§ 4334. Arrest for violation of conditions; subsequent disposition**

(a) The court may issue a warrant for the arrest of a probationer for violation of any of the conditions of probation or suspension of sentence, or a notice to appear to answer to a charge of violation. Such notice shall be personally served upon the probationer. The warrant shall authorize officers to return the probationer to the custody of the court or to the Department.

(b) The Commissioner, or any probation officer, when in the Commissioner's or probation officer's judgment there has been a violation of any condition of probation or suspension of sentence, may arrest such probationer without a warrant, or may deputize any other officer with power of arrest to do so by giving that officer a written statement setting forth that the probationer has, in the judgment of the Commissioner or probation officer, violated the conditions of probation or suspended sentence. The written statement delivered with the probationer by the arresting officer to the official in charge of the place of detention shall be sufficient warrant for the detention of the probationer. When an arrest is made by a probation officer, the Department shall present to the detaining authority a written statement of the circumstances of violation. Provisions regarding release on bail of persons charged with crime shall be applicable to the probationers arrested under these provisions.

(c) Upon such arrest and detention, the Department shall immediately notify the court and shall submit in writing a report showing in what manner the probationer has violated the conditions of probation or suspension of sentence. Thereupon, or upon arrest by warrant as provided in subsection (b) of this section, the court shall cause the probationer to be brought before it without unnecessary delay, for a hearing on the violation charge. The hearing may be informal or summary. If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

(d) Notwithstanding any provision of subsection (c) of this section or any other law, rule or regulation to the contrary, the Department is authorized to administratively resolve technical and minor violations of the conditions of probation or supervision at Accountability Levels I, II, III or IV when a sanction less restrictive than Level V is being sought by the Department as a result of the violation, and is further authorized to administratively resolve technical and minor violations of conditions of probation at Accountability Levels I, II, III, or IV by placing the probationer at Accountability Level IV for a period of not more than 5 days consecutively, and not more than 10 days in any 1 calendar year. The Department shall adopt written procedures providing for administrative review for all cases in which an offender is placed at Level IV pursuant to this subsection. All administrative dispositions imposed pursuant to this subsection shall be documented in the offender's record and shall be made available to the court in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

event of a subsequent violation which is considered by the court. For the purposes of this subsection, the term "technical and minor violations of the conditions of probation or supervision" shall not include arrests or convictions for new criminal offenses. For the purposes of this subsection, the limits pertaining to the use of Level IV as administrative sanction for technical and minor violations of Level I, II or III shall not apply to the use of home confinement for such purposes.

(e) A probationer for whose return a warrant cannot be served, shall be deemed a fugitive from justice or to have fled from justice. If it shall appear that probationer has violated probation or suspended sentence, the court shall determine whether the time from issuing of the warrant to the date of the probationer's arrest, or any part of it, shall be counted as time served on probation or suspended sentence.

(f) The Justice of the Peace Court shall have jurisdiction over violations of probation where such probation or suspension of sentence was pursuant to an order of the Justice of the Peace Court.

54 Laws 1964, ch. 349, § 7; 66 Laws 1987, ch. 133, § 1; 67 Laws 1990, ch. 442, § 2; 70 Laws 1995, ch. 186, § 1, eff. July 10, 1995; 74 Laws 2003, ch. 27, § 5, eff. May 31, 2003; 74 Laws 2004, ch. 322, § 4, eff. July 6, 2004.

**Codifications:** 11 Del.C. 1953, § 4335

HISTORICAL AND STATUTORY NOTES

74 Laws 2003, ch. 27, § 10, eff. May 31, 2003, provides:

"Within 90 days of the effective date of this Act [74 Laws 2003, ch. 27, eff. May 31, 2003], the Sentencing Accountability Commission will promulgate guidelines that will substantially reduce use of probation as a means of punishment. These guidelines shall include meaningful restrictions on the practice of imposing sentences involving short periods of incarceration that are followed by long periods of probation. Within 180 days of the effective date of this Act, the Sentencing Accountability Commission will review proceedings conducted pursuant to 11 Del.C. § 4333(h) as promulgated herein, will make recommendations concerning the proper allocation of resources by the judiciary for this purpose and will identify any funding sources necessary to support this procedure. On or before January 15, 2005, the Sentencing Accountability Commission and the Statistical Analysis Center shall issue a joint report to the Governor, the Controller General, and to the respective Chairs of the House and Senate Correction Committees regarding the effect of this legislation on the administration of justice."

CROSS REFERENCES

Family court, general jurisdiction, see 10 Del.C. § 925.

LIBRARY REFERENCES

Sentencing and Punishment 🔑1988, 2003, 2012, 2025.
Westlaw Key Number Searches: 350Hk1988; 350Hk2003; 350Hk2012; 350Hk2025.
C.J.S. Criminal Law § § 1559 to 1564.

RESEARCH REFERENCES

**ALR Library**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.