IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH L. HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-464-SLR |
| | ) | JURY TRIAL DEMANDED |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

In further support of their Motion for Summary Judgment, Defendants Stanley Taylor, Vincent Bianco, Michael Records, Bob George, Michael Costello, Barbara Costello, the Department of Correction, Stephen Devine and Helen Moore ("Defendants") state as follows:

In his Answering Brief, Plaintiff presents two new claims which were not set forth in his Complaint. A response to a Motion for Summary Judgment is not the appropriate means of amending the Complaint, and therefore these claims are not properly before this Court. More importantly, these claims are not supported by the facts or the law, and do not serve to rebut the arguments set forth in Defendants' Motion for Summary Judgment.

**I.   11 *Del. C.* § 4336 DOES NOT CREATE A LIBERTY INTEREST IN PLAINTIFF'S CLASSIFICATION OR HOUSING STATUS.**

As set forth in Defendants' Memorandum of Points and Authorities, Plaintiff received a program violation while he was housed at Morris Community Corrections Center ("MCCC"), a work release program. In connection with that program violation, he was sanctioned to 14 days at the Sussex Violation of Probation Center ("SVOP"), to return to Central Violation of

Probation Center ("CVOP") to await bed space back at MCCC. In short, due to his program violation, Plaintiff lost his spot at MCCC.

Plaintiff now claims that his 14 day sanction at SVOP, and his loss of his status at MCCC, violated 11 *Del. C.* § 4336. Section 4336 has no relevance to this action. It addresses probation and sentencing procedures. It concerns sanctions for violation of the terms of probation, not sanctions for violation of internal prison regulations applicable to inmates within the custody of the Delaware Department of Correction. Section 4336 does not pertain to prison disciplinary actions. It creates no liberty interest with respect to an inmate's classification or housing status.

In support of his argument that Section 4336 precluded his 14 day sanction and loss of work release privileges, Plaintiff relies on a Second Circuit decision, *Covino v. Vermont Dep't of Corrections,* 933 F.2d 128, 130 (1991). *Covino* concerns a pretrial detainee who was moved to administrative segregation. The Second Circuit held that the court below should have determined whether there were any state statutes governing the placement of an inmate in administrative segregation. *Id.*

This Court has previously addressed the issue presented in *Covino* and reached the opposite conclusion. Neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification status within an institution. 11 *Del. C.* § 6529(e). *See also Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Thus, the transfer of an inmate from one classification to another is unprotected by the Due Process clause even where the change in status involves a significant alteration in the conditions of

confinement. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1995). In *Brown v. Cunningham,* 730 F. Supp. 612, 614-615 (D. Del. 1990), the court held that an inmate's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, did not violate the inmate's liberty interests. *See also Skinner v. Carroll,* 2006 WL 2993192, at *4 (D. Del. Oct. 20, 2006) (inmate has no liberty interest in employment or treatment programs) (attached hereto as Exhibit A).

Thus, Plaintiff's argument that Defendants are not entitled to qualified immunity is without merit. There was no constitutional right at issue. Plaintiff's change in custody status did not implicate a liberty interest, and therefore there could be no due process violation. Plaintiff had no right to participate in the work release program, and, therefore, his removal from the program did not violate his constitutional rights.

Further, Plaintiff's argument that supervisory personnel should be held liable because they should have known that he had been improperly transferred to SVOP must fail. Because Plaintiff had no constitutional right to remain at MCCC, what Defendants knew or did not know about his transfer and loss of bed space at MCCC has no relevance to his claims.

## II. DEFENDANTS CANNOT BE HELD LIABLE FOR THE ALTERCATION INVOLVING DEFENDANT ADAM BRAMBLE.

Plaintiff appears to argue that supervisory personnel should be held liable for the altercation involving Defendant Adam Bramble[1] at CVOP.[2] *See* Answering Brief at 7, 8. At page 7 of his Answering Brief, Plaintiff states:

---

[1] Defendant Adam Bramble is not a movant with respect to this Motion for Summary Judgment.
[2] Defendants expressly dispute Plaintiff's claim that Defendant Bramble used excessive force and/or violated his rights in any manner.

3

>While most of all Plaintiff's hardship came while housed at the (CVOP) . . . "which supervior [sic] is Mike Records." Through eyewitness testimony, the Plaintiff would show that the Plaintiff feared that he would be harmed, which led to the assault and being wrongfully accused of assaulting an officer, the Plaintiff was then transferred to a level V facility in connection with that incident.

In support of these assertions, Plaintiff relies upon a memorandum from an investigator with the Public Defender's Office. *See* Exhibit G to Answering Brief. The memorandum apparently summarizes interviews with witnesses to the incident involving Defendant Bramble. This memorandum does not constitute evidence in this case. None of the witnesses have been deposed, and none have submitted affidavits. Plaintiff cannot rely on speculation as to what these witnesses might testify to at trial, if they even testified at all.

Any claim that Defendant Records, or any supervisory personnel, can be held liable in connection with the incident involving Defendant Bramble is meritless.

First, there are no such allegations in the Complaint, and Plaintiff cannot add them to his cause of action in the context of summary judgment briefing.

Further there is absolutely no evidence in the record that any supervisory personnel were present at the incident involving Defendant Bramble or knew of it before it happened. Even the witness summaries do not mention supervisory personnel.

Even if Plaintiff's suggestion that supervisory personnel can be held liable in connection with the Defendant Bramble incident was properly before this Court, Defendants would still be entitled to summary judgment.

The Third Circuit has held that a "defendant in a civil rights action must have personal

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*"  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  *See also Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  Personal involvement can be shown through assertions of personal direction, or actual knowledge and acquiescence.  *Rode*, 845 F.2d at 1207.

A supervisory public official may be held liable for a subordinate's constitutional tort only where the official was the "moving force" behind the violation or exhibited "deliberate indifference to the plight of the person deprived."  *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989).  *See also City of Canton v. Harris*, 489 U.S. 378, 391 (1989).  To impose liability on an official for failure to adequately supervise or control the conduct giving rise to his claim, the plaintiff must demonstrate that:  1) an existing policy or practice created an unreasonable risk of Eighth Amendment injury; 2) the supervisor was aware that the unreasonable risk was created; 3) the supervisor was indifferent to that risk; and 4) the injury resulted from the policy or practice.  The plaintiff must identify what the supervisory official failed to do that demonstrates his deliberate indifference and a close causal relationship between the identified deficiency and the ultimate injury.  *Sample*, 885 F.2d at 1118.

In this case, there is no evidence that Defendants were the moving force behind the Defendant Bramble incident or exhibited deliberate indifference Plaintiff's plight either before or during the incident.  In fact, there is no evidence that they were there or even knew about the incident.  Thus, there is no basis for holding Defendants liable for any conduct by Defendant Bramble.

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that this Court grant summary judgment in their favor as to all claims.

|  |  |
|---|---|
|  | STATE OF DELAWARE<br>DEPARTMENT OF JUSTICE |
|  | /s/ Eileen Kelly<br>Eileen Kelly, I.D. #2884<br>Deputy Attorney General<br>Carvel State Building<br>820 N. French Street, 6th Floor<br>Wilmington, Delaware 19801<br>(302) 577-8400<br>eileen.kelly@state.de.us |
| Dated: January 12, 2007 | Attorney for Defendants |

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, I electronically filed *Defendants' Reply Memorandum of Points And Authorities In Support of Their Motion for Summary Judgment* with the Clerk of Court using CM/ECF.  I hereby certify that on January 12, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:  Kenneth Holland.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us