IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH L. HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-464-SLR |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ADAM J. BRAMBLE, | ) | |
| | ) | |
| Defendant, | ) | |
| Counter-claim plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH L. HOLLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counter-claim defendant. | ) | |

**DEFENDANT KENT RAYMOND'S
ANSWER TO THE AMENDED COMPLAINT**

Defendant Kent Raymond ("Defendant"), by and through his undersigned counsel, hereby answers the Amended Complaint:

Parties

1. As to the first two sentences of this paragraph, at the time of this filing, it is denied that Defendant Taylor is the Commissioner of the Delaware Department of Correction ("DOC"). It is admitted that the Department of Correction business address is 245 McKee Road, Dover, Delaware. As to the fourth sentence of this paragraph, no response is required.

2. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Bianco is the Warden of the Morris Community Correctional Center ("MCCC") and the Central Violation of Probation Center ("CVOP"), and his business address is 300 Water Street, Dover, Delaware. As to the fourth sentence of this paragraph, no response is required.

3. As to the first four sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Moore is employed as a Senior Correctional Counselor at MCCC and is a voting member of the Multi-Disciplinary Team ("MDT") at MCCC, and her business address is 300 Water Street, Dover, Delaware, and Defendant Devine is employed as a Community Work Program Coordinator at MCCC, and participates in the MDT, and his business address is 300 Water Street, Dover, Delaware. As to the fifth sentence of this paragraph, no response is required.

4. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Bramble is employed as a Correctional Lieutenant at CVOP and his business address is 875 Smyrna Landing Road, Smyrna, Delaware. As to the fourth sentence of this paragraph, no response is required.

5. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Records is employed as a Probation & Parole Supervisor at CVOP, and his business address is 875 Smyrna Landing Road, Smyrna, Delaware. As to the fourth sentence of this paragraph, no response is required.

6. Denied as to the first three sentences of this paragraph. There is no individual named Cline Danials employed at CVOP. As to the fourth sentence of this paragraph, no response is required.

7. Denied as to the first three sentences of this paragraph. Cindy Scala is no longer employed at CVOP. As to the fourth sentence of this paragraph, no response is required.

8. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant George is the Warden of Sussex Violation of Probation Center ("SVOP") and his business address is 23207 DuPont Blvd., Georgetown, Delaware. As to the fourth sentence of this paragraph, no response is required.

9. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Michael Costello is employed as the Security Supervisor at SVOP and his business address is 23207 DuPont Blvd., Georgetown, Delaware. As to the fourth sentence of this paragraph, no response is required.

10. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Barbara Costello is employed as a Transfer Officer at SVOP and her business address is 23207 DuPont Blvd., Georgetown, Delaware. As to the fourth sentence of this paragraph, no response is required.

11. Denied.

Statement of Claims

1. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

2. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

3. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

4. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

5. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

6. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

7. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

8. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

9. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

10. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

11. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

    12.    Denied.

    13.    Denied.

    14.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

    15.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

    16.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

    17.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

    18.    Admitted that, at the meeting of the MDT on June 29, 2004, at which Plaintiff was present, Plaintiff was found guilty of program violation and sanctioned to transfer to SVOP for two weeks, then transfer to CVOP to await bed space at MCCC.

    19.    Admitted.

    20.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

    21.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

    22.    Denied.

    23.    Denied.

    24.    Denied.

    25.    Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

26. Denied, except it is admitted that SVOP is a Level 4 facility.

27. Admitted that on July 15, 2004, Plaintiff was transferred to CVOP to await bed space at MCCC.

28. Admitted that Defendant Scala was Plaintiff's counselor during part of the time that he was at CVOP during 2004.

29. Admitted that upon his arrival at CVOP in July 2004, Plaintiff was placed on the waiting list for MCCC. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

30. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

31. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

32. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

33. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

34. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

35. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

36. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

37. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

38. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

39. Denied.

40. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

41. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Admitted.

46. Denied.

47. Admitted.

48. Denied.

49. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

50. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied, except that it is admitted that some time after the morning of November 26, 2004, Plaintiff was transferred to Delaware Correctional Center and was subsequently charged with assault in a detention facility.

67. Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## RELIEF

1. It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

2. It is specifically denied that Plaintiff is entitled to injunctive, declaratory or any other relief.

## AFFIRMATIVE DEFENSES

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff has failed to exhaust his administrative remedies.

5. Defendants are immune from liability under the Eleventh Amendment.

6. Defendants are entitled to qualified immunity.

7. As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

8. As to any claims under state law, Defendants are entitled to sovereign immunity in their official capacities.

9. Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

10. To the extent that Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

11. Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

12. Insufficiency of service of process.

13. Insufficiency of process.

14. Lack of jurisdiction over the person and subject matter.

WHEREFORE, Defendant respectfully requests that judgment be entered in his favor and against Plaintiff as to all claims and that attorney fees be awarded to him.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendant Kent Raymond

DATE: December 4, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that on December 4, 2007, I electronically filed Defendant Kent Raymond's *Answer to the Amended Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on December 4, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Kenneth L. Holland, Inmate
SBI #164600
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

                            STATE OF DELAWARE
                            DEPARTMENT OF JUSTICE

                            /s/ Catherine Damavandi
                            Catherine Damavandi (ID # 3823)
                            Deputy Attorney General
                            State of Delaware
                            Department of Justice
                            820 N. French Street, 6th Floor
                            Wilmington, DE 19801
                            (302) 577-8400
                            Attorney for Defendant Kent Raymond