# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH L. HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-464-SLR |
| ) | |
| STANLEY TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |
| | |
| ADAM J. BRAMBLE, ) | |
| ) | |
| Defendant, ) | |
| Counter-claim plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KENNETH L. HOLLAND ) | |
| ) | |
| Plaintiff, ) | |
| Counter-claim defendant. ) | |

**DEFENDANTS ADAM BRAMBLE AND KENT RAYMOND'S RESPONSE
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND PRODUCTION OF DOCUMENTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Adam Bramble and Kent Raymond respond to Plaintiff's Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Answering Defendants object to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Answering Defendants object to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal

Rule of Civil Procedure 26(e).

3. Answering Defendants object to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Answering Defendants object to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Answering Defendants object to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendants but will not be produced.

6. Answering Defendants object to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendants object to the Interrogatories to the extent that they seek the production of documents generated by or received from their counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendants' Responses, Answering Defendants respond, after a reasonable search, and subject to supplementation, as follows:

<u>Adam J. Bramble</u>

1. State the procedures in effect during Nov. 26, 2004, at the Central

Violation Probation Center for responding to an incident involving threats by an offender or inmate within the facility. State all procedures if those procedures are set forth in any directive, manual or any other form, produce the document.

**RESPONSE:** Staff are to approach a situation using non-threatening communication and posture in a manner to diffuse the situation. If the use of force becomes necessary, the lowest level of force required to restore order or compel compliance is to be utilized. This is in accordance with ACA standards and CVOP - SOP 2.09.

2. State the procedures in effect during Nov. 26, 2004, at the Central Violation Probation Center for responding to an incident involving bad behavior by an offender or inmate within the facility. State all procedures if those procedures are set forth in any directive, manual or any other form, produce the document.

**RESPONSE:** Objection. Answering Defendant does not know Plaintiff's meaning of "bad behavior." See also Response to Interrogatory No. 1.

A) If any of those procedures in effect during Nov. 26, 2004 that would require written disciplinary action. Regarding questions (1) and (2) as it protain (sic) to the incident involving you and Plaintiff, Kenneth Holland. Produce any and all documents.

**RESPONSE:** The violation of 11 *Del. C*. §1254 required written disciplinary action. A police report is required.

3. State the names, title and duties of the staff members who was [sic] assigned to investigate the incident in which you claim you were assaulted during Nov. 26, 2004.

**RESPONSE:** Captain Robert May.

A)       Were you required to provide the investigator with an incident report concerning the assault on Nov. 26, 2004? If so, produce the document.

**RESPONSE:** Plaintiff was provided a copy of the Incident Report during discovery in the Superior Court criminal case. (State of Delaware v. Kenneth Holland).

4.       State the procedures in effect during Nov. 26, 2004, at the Central Violation Probation Center ("CVOP") on what to do or how to handle a situation where an inmate or offender may need to be removed from a pod or a housing unit and into a holding cell. If those procedures are set forth in any directive, manual or any other form, produce the document.

**RESPONSE:** Objection. This Interrogatory is vague, overly broad and unduly burdensome. Further objection that this Interrogatory seeks information not relevant to the claims set forth in the complaint nor reasonably calculated to lead to the discovery of admissible evidence. See also Response to Interrogatory No. 1.

5.       State the procedures in effect during Nov. 26, 2004, at the  ("CVOP") Center in which a lieutenant may "at any time" inter (sic) a pod or housing unit of inmates by himself.    If those procedures are set forth in any directive, manual or any other form, produce the document.

**RESPONSE:** See Defendants' Response to Interrogatory No. 13 in Defendants' Response to Plaintiff's First Set of Interrogatories and Production of Documents.

6.       If their (sic) is no procedure in place as to question (5) state the currect (sic) procedures in which a lieutenant may inter (sic) or visit a housing unit of inmates. If those procedures are set forth in any directive, manual or any other form, produce the document.

**RESPONSE:** See Response to Interrogatory No. 5.

7. State in writing how you remember or what you remember about the incident and how it unfolded which you and Kenneth Holland was [sic] involved in on Nov. 26, 2004. If there is a document which may already contain what accured (sic) on Nov. 26, 2004 produce the document.

**RESPONSE:** See Response to Interrogatory No. 3 A.  (See also Initial Crime Report Filed Under Seal).

Kent Raymond

7.[1] State the procedures in effect during June 29, 2004 at the MCCC in which would help the MDT board to determine how much sanction time to give offenders who are found guilty of a program violation. If those procedures are set forth in any directive, manual or any other forms, produce the document.

**RESPONSE:** Sanction time is determined on a case-by-case basis. Disorderly/Threatening behavior towards staff is usually considered a serious program violation. Nor is it unusual for the MDT to recommend sanctions to be served out of the facility for such behavior.

8. If their (sic) is no procedure in place, as to question (7) then state how you and the rest of the board came to the conclousion (sic) to give the Plaintiff two weeks at SVOP then to have him wait at CVOP for bed space at MCCC.

**RESPONSE:** At that time, the Multi-Disciplinary Team determined that a sanction of two weeks was appropriate for the program violation. Rather than have the Plaintiff wait again at Level V for bed space at MCCC, such offenders are typically held at CVOP to await bed space at Level IV work release.

---

[1] The Plaintiff's Interrogatories are mis-numbered as there are two questions numbered 7.

9. State the time your shift ended on June 29, 2004. If this is documented produce the document.

**RESPONSE:** Absent any extenuating circumstances, Defendant's work day ends at 5:00 PM.

10. State the time that Wilbur Justice and Theresa DeMarco ended their shift on June 29, 2004. If their (sic) is documented proof of the time their shift ended, such as a time sheet produce the document.

**RESPONSE:** Although named as Defendants in this lawsuit, neither of the above have been served with the Complaint and/or Summons; nor has counsel made an appearance for them; therefore, no response is required.

11. State the procedures in effect during June 29, 2004 at the MCCC that takes place when an offender has to appear before the MDT board and has to work on the same day. If those procedures are set forth in any directive, manual or any other forms produce the document.

**RESPONSE:** The MCCC orientation manual which each offender receives upon arriving specifically states that the MDT hearings are held every Tuesday at 9:00 AM. If the offender is employed and wishes to be present at the hearing he must notify his employer of his plans and then make arrangements to attend the hearing.

12. State the procedures in effect during June 29, 2004 at the MCCC that would give the MDT board the authority to administratively resolve violations by sanctioning offenders at any of the "Violation of Probation Centers." If those procedures are set forth in any directive, manual or any other forms produce the document.

**RESPONSE:** *See* Title 11 §6504 – General Powers and Duties of the Department of Correction. Additionally, the Level IV VOP centers were set up as an alternative to Level V in order to save valuable bed space at Level V for offenders not suitable for placement at Level IV or lower level supervision. Prior to the existence of VOP centers, offenders were typically returned to Level V as there was no alternative.

13. If their (sic) is no procedure in place that gives MCCC the authority as to question (12) then state who granted the MDT Board the authority to sanction inmates to a facility outside of MCCC.

**RESPONSE:** See response to Interrogatory No. 12.

14. State the procedures in effect during June 29, 2004 at the MCCC that would assist the MDT board in their decision on how much sanction time to a "VOP" Center should be given for the program violation. If those procedures are set forth in any directive, manual or any other forms produce the document.

**RESPONSE:** See response to Interrogatory No. 7.

15. State if their (sic) is a procedure in place during June 29, 2004 at the MCCC that would keep an offender in from work if she or she has a (sic) MDT Board hearing that same day. If those procedures are set forth in any directive, manual or any other forms produce the document.

**RESPONSE:** If an offender is unable to attend his hearing due to circumstances beyond his control, the MDT may attempt to make some accommodation. In this case, it appears the Plaintiff chose to go to work rather than attend his hearing.

16. State if their (sic) is a procedure in place during June 29, 2004 at the MCCC that would explain "how" and "why" an offender would be held in from work. If

those procedures are set forth in any directive, manual or any other document, produce the document.

**RESPONSE:** A resident posing a threat to the community based on his rule violation(s) and/or behavior may be placed on administrative "hold" pending his hearing before the MDT. An example would be an offender using or under the influence of drugs and/or alcohol. When an offender is placed on "hold" it is so noted in the duty office and the offender is prohibited from leaving the facility.

## REQUEST FOR PRODUCTION OF DOCUMENTS

17. Any and all logs that would reflected (sic) the times of defendant Adam J. Bramble's conduces (sic) his routine are checks at the CVOP Center during the days of July 16, 2004 to Nov. 26, 2004 on the morning hours of 5:00 AM to 8:00 AM.

**RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Further objection that information requested is protected by 11 *Del. C.* §4322. Without waiving this objection see Defendant Bramble's response to Plaintiff's First Request for Production of Document No. 20] [D.I. 48].

18. Copies of Plaintiff Kenneth Holland's case file for July 15, 2004 to Nov. 26. 2004.

**RESPONSE:** Objection. This Interrogatory is not relevant, overly broad, vague and unduly burdensome. Further objection that this Interrogatory seeks information not relevant to the claims set forth in the complaint nor reasonably calculated to lead to the discovery of admissible evidence. Further objection that information requested is protected by 11 *Del. C.* §4322.

19. A copy of the complaint or police report filed against the Plaintiff Kenneth

Holland on Nov. 26, 2004 by Adam J. Bramble.

**RESPONSE:** Plaintiff received a report filed by the Defendant as part of discovery when he was named as a Defendant in the criminal case of State of Delaware v. Kenneth Holland.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

Dated: January 15, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2008, I electronically filed Defendants Adam Bramble and Kent Raymond's *Response to Plaintiff's Second Set of Interrogatories and Production of Documents Requests* with the Clerk of Court using CM/ECF. I hereby certify that on January 15, 2008, I have mailed by United States Postal Service, the document to the following non-registered party:

Kenneth L. Holland, Inmate
SBI #164800
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

 STATE OF DELAWARE
 DEPARTMENT OF JUSTICE

 /s/ Catherine Damavandi
 Catherine Damavandi (ID # 3823)
 Deputy Attorney General
 State of Delaware
 Department of Justice
 820 N. French Street, 6th Floor
 Wilmington, DE 19801
 (302) 577-8400
 Attorney for Defendants