In The United State District Court
for the District of Delaware

Kenneth L. Holland,
~Plaintiff,

vs.

C.A. No., 05-464-(SLR)

Stanley Taylor, et al.,
~Defendant

Adam J. Bramble,
~Defendant/Counter
claim Plaintiff,

vs.

Kenneth L. Holland,
~Plaintiff/Counter
claim Defendant,



FILED
FEB 19 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's third set of Interrogatories
and Production of Document and thing

Pursuant to Rule 26, 33 and 34, Fed. R. Civ. P., The Plaintiff submits the following interrogatories and demands are hereby made for full and complete answers to the following Interrogatories under oath within thirty days.

These Interrogatories and Production of documents are require that supplemental responses be filed in accordance with the Federal Rules of Civil Procedure.

1.

## Definitions and Instructions

A. The word "identify", and words derived therefrom shall have the following means;

1. As applied to an individual, "identify" means to state:

(a.) the individual's name;

(b.) the individual's last known home and business address and the telephone number for each such address;

(c.) the individual's occupation and title, if any, as of the time to which the interrogatory is directed and as of the present time;

(d.) the role played by the individual in relation to the subject matter of the interrogatory.

2. As applied to a document, "identify" means to state:

(a.) It's nature (e.g., letter, memorandum, telegram, notes, photograph, etc);

(b.) It's subject matter;

(c.) By whom it was made and to whom it was directed;

(d.) the date upon which it was made;

(E.) the identity of all individuals or organizations who have possession of the original and any copies;

Note: Production of each document is acceptable in lieu of stating the information in points (a) through (d) of this definition.

3. "Describe" means to set forth fully the underlying facts (rather than ultimate facts or conclusions of fact or law), including date, time and location.

4. "Person" shall mean any natural person, any corporation, partnership, association, joint venture, firm or other business enterprise or legal entity, and means both singular and plural.

5. "D.O.C." shall mean the Department of Correction in this action and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of D.O.C.

6. "You and Your" shall means the Defendant's Stanley Taylor, Vince Bianco, Robert George, Michael Records, Kent Raymond, Wilbur Justice, Theresa DeMarco,

B. If you object to any of the interrogatories herein, whether in whole or in part, on the ground that the information sought therein is privileged or confidential;

1. Describe any such communication sought to be protected,

including its subject matter:

2. Identify the individual by whom it was made, the individual to whom it was directed, and all individuals present when it was made:

3. Identify any document in which it was recorded, described or summarized:

4. Identify any such document sought to be protected.

5. Submit all document that sought to be protected or privileged, which the interrogatories is directed, for inspected by the court for it's Relavancy, to insure that the documents should be protected or privileged.

### Interrogatories

1.) Identify any and all policies, directives, or instructions to level IV, facilities, by "you" or "your" administration that would instruct all level IV facilities on proper procedures to follow, Regarding the guideline pursuant to title 11. Del. C. § 4334, section (d)., that specificly addresses the use of sanction at level IV. If this is set forth in any document, produce the document.

Response:

2.) Identify you or your, steps taken by your administration, to ensure that the guidelines where being followed, during July 1, 2004, to November 26, 2004, In so far, as it pertains to the use of title 11. Del. C. §4334, section (d.), that specificly address the use of sanctions at level IV, and other levels. If this is set forth in any policies, directives, memo, instructions or any other document, produce the document.

Response:

3.) Identify and Describe any and all policies, directives, instructions to all staff or offenders, at any of the level IV facilities, pertaining to the procedures that would allow offenders to appeal there sanctions that been given, in connection with title 11. Del. c. §4334, section(d), or any other sanction at level IV. If thier is none, state so.
   If this is set forth in any policies, directives, memo, instructions or any other document, produce the document.

Response:

4.) State the full name and last none address of the following individuals: Dr. Aile,- D.O.C. infirmary, Dr. Rodgers - DOC. infirmary, Robert May - C.V.O.P., Cindy Scala - C.V.O.P. couselor, Wilbur Justice - M.C.C.C., Theresa DeMarco - M.C.C.C., John Huff - C.V.O.P.

Response:

5.) Describe any and all policies, directives, instructions or manual, that specificly addresses or explains in what manner cap-stun or chemical agents can and should be used by you or your staff, within a level IV facility. If this is set forth in any of the documents above, produce the document.

Response:

6.) Identify all persons with the DOC., who would have resided on the Review board during July 1, 2004, to November 26, 2004. within the facilities occupied by the Plaintiff and named in his Complaint.

Response;

7.) Identify all persons having knowlege of the allegations in the complaint or answer whom you intend to call as witnesses at trial, including expert witnesses, as it pertains to all subject matter within Plaintiff's complaint.

Response:

8.) Describe the policies, directives, or instructions by you or your staff that would instruct a individual, the correct way and officer of any rank, should enter a pod or living quarters of offenders at a level IV facility:

(a.) Describe specificly if an officer should be assisted by another officer.

(b.) When ▓ is it permitted to do so.

If this is set forth in any policies, directives, instructions or any other document, produce the document.

Response:

To Defendant/counter claim Plaintiff
Adam J. Bramble

1.) Identify and Describe in detail the events you allege unfolded:

(a) the precise injury you sustained or injuries.

(b.) the manner in which they where sustained.

(c.) how you notified after the incident.

(d.) did you ▓ file a report or complaint. if so, whom did you file it with.

If this is set forth in any documents, produce the documents.

Response:

2). Identify any physical evidence which Relates in any way to any of the facts alleged in your complaint or answer, or which you intend to offer into evidence at trial, Relating to Kenneth Holland. All documents identified or Referenced in Defendant/Plaintiff's, response to Plaintiff/Defendant's third set of Interrogatories, served contemporaneously herewith.

Response;

Date January 2008

Kenneth Holland
Kenneth L. Holland, 164800
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware, 19977

8.

## Certificate of Service

I, _Kenneth Holland_, hereby certify that I have served a true And correct cop(ies) of the attached: _Motion for third set of Interrogatories and Production of Documents_ upon the following parties/person (s):

TO: Clerk of the Court
U.S. District Court
844. N. King St
Wilm Del. 19801

TO: _____
_____
_____
_____

TO: Catherine Damavandi
Department of Justice
820 N. French St
Wilm Del. 19801

TO: _____
_____
_____
_____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _____ day of _January_, 200_8_.

I/M: Kennet
SBI# 164800   UNIT D-E
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
U.S. District Court
844 N. King St. Lockbox 18
Wilmington, De. 19801-3570