In The United State District Court
for the District of Delaware

Kenneth L. Holland,
~ Plaintiff.

vs.

C. N. No. 05-464 (SLR)



FILED
APR 25 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Stanley Taylor,
~ Defendant.

## Motion to Compel Discovery.

The Plaintiff Kenneth Holland, moves pursuant to Rule 34 (b) and 37 (a), Fed. R. Civ. P., for an order compelling the defendant's to respond to interrogatories and Produce Documents for inspection and copying in connection therewith.

(1.) I am the Plaintiff in this case. I make this affidavit in support of my motion to compel discovery

(2) On March 14, 2008, Plaintiff was granted permiss-~ion for extension of time to complete discovery.

(3) On March 15, 2008, I served on the defendant's counsel a Request for interrogatories and production

1.

of Documents, which is attached to this affidavit as Exhibit 1.

(4) Defendant's did not respond to this Request after 30 days, nor did they Request an adjournment from the court or seek my agreement to an adjournment.

(5) Plaintiff was given inteal May 1, to complete discovery, which by the time this motion is heard, that time would have expired.

Wherefore, the Plaintiff Requests that the court grant this motion in all Respects.

_Kenneth Holland_

Kenneth L. Holland
SBI#164800. D-East, 26th
Delaware Correctional Center
1181 Paddock Road
Smyrna, Del. 19977

In The United State District Court
for the District of Delaware

Kenneth L. Nolland,
~ Plaintiff,

        vs.                                    C.A. No., 05-464-(SLR)

Stanley Taylor, et al.,
        ~Defendant.
_____
Adam J. Bramble,
        ~Defendant/Counter
        claim Plaintiff,

        vs.
Kenneth L. Nolland,
        ~Plaintiff/Counter
        claim Defendant,

Plaintiff's third set of Interrogatories
and Production of Document and thing

    Pursuant to Rule 26, 33 and 34, Fed. R. Civ. P., The
Plaintiff submits the following interrogatories and demands
are hereby made for full and complete answers to the
following, Interrogatories under Oath within thirty days.
    These Interrogatories and Production of documents
are require that supplemental responses be filed in
accordance with the Federal Rules of Civil Procedure.

1.

<u>Definitions and Instructions</u>

A. The word "identify", and words derived therefrom shall have the following means;

1. As applied to an individual, "identify" means to state:

(a.) the individual's name;

(b.) the individual's last known home and business address and the telephone number for each such address;

(c.) the individual's occupation and title, if any, as of the time to which the interrogatory is directed and as of the present time;

(d.) the role played by the individual in relation to the subject matter of the interrogatory.

2. As applied to a document, "identify" means to state:

(a.) it's nature (e.g., letter, memorandum, telegram, notes, photograph, etc);

(b.) it's subject matter;

(c.) By whom it was made and to whom it was directed;

(d.) the date upon which it was made;

(E.) the identity of all individuals or organizations who have possession of the original and any copies;

Note: Production of each document is acceptable in lieu of stating the information in points (a) through (d) of this definition.

3. "Describe" means to set forth fully the underlying facts (rather than ultimate facts or conclusions of fact or law), including date, time and location.

4. "Person" shall mean any natural person, any corporation, partner--ship, association, joint venture, firm or other business enterprise or legal entity, and means both singular and plural.

5. "D.O.C." shall mean the Department of Correction in this action and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of D.O.C.

6. "You and Your" shall means the Defendant's Stanley Taylor, Vince Bianco, Robert George, Michael Records, Kent Raymond, Wilbur Justice, Theresa DeMarco,

B. If you object to any of the interrogatories herein, whether in whole or in part, on the ground that the information sought therein is privileged or confidential;

1. Describe any such communication sought to be protected,

including its subject matter:

2. Identify the individual by whom it was made, the individual to whom it was directed, and all individuals present when it was made:

3. Identify ▓ any document in which it was Recorded, described or summarized:

4. Identify any such document sought to be protected.

5. Submit all document that sought to be protected or privileged, which the interrogatories is directed, for inspected by the court for it's Relavancy, to insure that the documents should be protected or privileged.

## Interrogatories

1.) Identify any and all policies, directives, or instructions to level IV, facilities, by "you" or "your" administration that would instruct all level IV facilities on proper procedures to follow, Regarding the guideline pursuant to title 11. Del. C. § 4334, section (d)., that specificly addresses the use of sanction at level IV. If this is set forth in any document, produce the document.

Response:

2.) Identify you or your, steps taken by your administration, to ensure that the guidelines where being followed, during July 1, 2004. to November 26, 2004. In so far, as it pertains to the use of title 11. Del. c. § 4334. section (d.) that specificly address the use of sanctions at level IV, and other levels. If this is set forth in any policies, directives, memo, instructions or any other document, produce the document.

Response:

3.) Identify and Describe any and all policies, directives, instructions to all staff or offenders, at any of the level IV facilities, pertaining to the procedures that would allow offenders to appeal there sanctions that been given, in connection with title 11. Del. c. § 4334, section(d), or any other sanction at level IV. If thier is none, state so.

   If this is set forth in any policies, directives, memo, instructions or any other document, produce the document.

Response:

4.) State the full name and last none address of the following individuals: Dr. Nile, - D.O.C. infirmary, Dr. Rodgers - DOC infirmary, Robert May ~ C.V.O.P., Cindy Scala ~ C.V.O.P. couselor, Wilbur Justice ~ M.C.C.C, Theresa DeMarco ~ M.C.C.C, John Nuff ~ C.V.O.P.

Response:

5.) Describe any and all policies, directives, instructions or manual, that specificly addresses or explains in what manner cap-stun or chemical agents can and should be used by you or your staff, within a level IV facility. If this is set forth in any of the documents above, produce the document.

Response:

6.) Identify all persons with the D.O.C., who would have resided on the Review board during July 1, 2004, to November 26, 2004, within the facilities occupied by the Plaintiff and named in his Complaint.

Response:

7.) Identify all persons having knowlege of the allegations in the complaint or answer whom you intend to call as witnesses at trial, including expert witnesses, as it pertains to all subject matter within Plaintiff's complaint.

Response:

8.) Describe the policies, directives, or instructions by you or your staff that would instruct a individual, the correct way and officer of any rank, should enter a pod or living quarters of offenders at a level IV facility:

(a.) Describe specificly if an officer should be assisted by another officer.

(b.) When 🖾 is it permitted to do so.

If this is set forth in any policies, directives, instructions or any other document, produce the document.

Response:

To Defendant / counter claim Plaintiff
_____ Adam J. Bramble. _____

1.) Identify and Describe in detail the events you allege un-folded:

(a) the precise injury you sustained or injuries.

(b.) the manner in which they where sustained.

(c.) how you notified after the incident.

(d.) did you 🖾 file a report or complaint. if so, whom did you file it with.

If this is set forth in any documents, produce the documents.

Response:

2). Identify any physical evidence which Relates in any way to any of the facts alleged in your complaint or answer, or which you intend to offer into evidence at trial, Relating to Kenneth Holland, All documents identified or Referenced in Defendant/Plaintiff's, Response to Plaintiff/Defendant's third set of Interrogatories, served contemporaneously herewith.

Response;

Date ____ 15 ___ March 2008

Kenneth Holland
Kenneth J. Holland, 164800
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware, 19977

8.

## Certificate of Service

I, _Kenneth Holland_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Motion for third set of_

_Interrogatories and Production of Document_ upon the following

parties/person (s):

TO: _Clerk of the Court_          TO: _____

_U.S District Court_              _____

_844. N. King St_                 _____

_Wilm Del. 19801_                 _____

_____             _____

TO: _Catherine Damavandi_         TO: _____

_Department of Justice_           _____

_820 N. French St_                _____

_Wilm, Del. 19801_                _____

_____             _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _15_ day of _____ _March_ ,200 _8_

_____

I'M: Kenneth Holland

SBI# 164800    UNIT D8

DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

$ 01.14⁰
MAILED FROM ZIP CODE 19977

Clerk of the Court
U.S District Court
844 . North King St, Lockbox 18
Wilmington, De
19801 - 3570