# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH L. HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-464-SLR |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ADAM J. BRAMBLE, | ) | |
| | ) | |
| Defendant, | ) | |
| Counter-claim plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH L. HOLLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counter-claim defendant. | ) | |

### DEFENDANT STAN TAYLOR'S RESPONSE
### TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Stan Taylor responds to Plaintiff's Third Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.     Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.     Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendant but will not be produced.

6. Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1. Identify any and all policies, directives or instructions to level IV facilities by "you" or "your" administration that would instruct all Level IV facilities on proper procedures to follow regarding the guideline pursuant to title 11 Del. C. §4334, section(d)

that specificly [sic] addresses the use of sanction at Level IV. If this is set forth in any document produce the document.

**RESPONSE:** Objection. Title 11 Del. C. § 4334 pertains to violation of probation and has no relevance to this cause of action.

2.  Identify you or your, steps taken by your administration, to ensue that the guidelines where [sic] being followed during July 1, 2004, to November 26, 2004. In so far as it pertains to the use of title 11 Del. C. §4334 section(d) that specificly [sic] addresses the use of sanctions at Level IV and other levels. If this is set forth in any document produce the document.

**RESPONSE:** Objection. Title 11 Del. C. § 4334 pertains to violation of probation and has no relevance to this cause of action.

3.  Identify and describe any and all policies, directives instructions to all staff or offenders at any of the Level IV facilities, pertaining to the procedures that would allow offenders to appeal there [sic] sanctions that been given in connection with title 11 Del. C. §4334 section(d) or any other sanction at Level IV if their [sic] is none, state so. If this is set forth in any document produce the document.

**RESPONSE:** Objection. Title 11 Del. C. § 4334 pertains to violation of probation and has no relevance to this cause of action.

4.  State the full name and last none [sic] address of the following individuals: Dr..Aile-DOC infirmary, Dr. Rodgers – DOC infirmary, Robert May – CVOP, Cindy Scala – CVOP counselor, Wilbur Justice – MCCC, Theresa DeMarco – MCCC, John Huff – CVOP.

**RESPONSE:** Objection. Under Rule 4(c) it is the responsibility of the Plaintiff, not the

Defendants already served to see that the summons and complaint are served within the time period permitted under Rule 4(m). Cindy Scala, Wilbur Justice and Theresa DeMarco were dismissed from this case on April 4, 2008.

5.      Describe any and all policies, directives, instructions or manual that specificly [sic] addresses or explains in what manner capstun or chemical agents can and should be used by you or your staff within a Level IV facility. If this is set forth in any document produce the document.

**RESPONSE:** Objection. This Interrogatory seeks production of confidential information protected from discovery by 11 Del.C §4322.

6.      Identify all persons with the DOC who would have resided on the review board during July 1, 2004 to November 26, 2004 within the facilities occupied by the Plaintiff and named in his Complaint.

**RESPONSE:** Answering Defendant does not recall.

7.      Identify all person having knowledge of the allegations in the Complaint or answer whom you intend to call as witnesses at trial including expert witnesses as it pertains to all subject matter within Plaintiff's Complaint.

**RESPONSE:** The individually named Defendant has information that may be used in support of their defenses. Answering Defendant cannot answer regarding Plaintiff's Complaint. Defendant does not have a witness list at this time, as the burden of proof is on the Plaintiff; however, Defendant reserves the right to supplement his responses as permitted by the federal rules of civil procedure. Defendants have not yet retained any experts in this matter but reserve the right to do so.

8. Describe the policies, directives or instructions by you or your staff that would instruct an individual the correct way and officer of any rank should enter a pod or living quarters of offenders at a Level IV facility.

**RESPONSE:** There is no policy, procedure or instructions at Level IV facilities regarding entering pod or living quarters of inmates.

(a) Describe specificly [sic] if an officer should be assisted by another officer.

**RESPONSE:** Objection. Defendant doesn't understand the question. The question is vague and overly broad and is not designed to lead to the discovery of admissible evidence.

(b) When is it permitted to do so. [sic]

**RESPONSE:** See Response to Interrogatory 8 a.

                **DEPARTMENT OF JUSTICE**
                **STATE OF DELAWARE**

                /s/ Catherine Damavandi_____
                Catherine Damavandi (ID # 3823)
                Deputy Attorney General
                Delaware Department of Justice
                820 N. French Street, 6th Floor
                Wilmington, DE 19801
                (302) 577-8400
                Attorney for State Defendants

DATE: May 8, 2008

## *CERTIFICATE OF SERVICE*

I hereby certify that on May 8, 2008, I electronically filed *Defendant Stan Taylor's Response to Plaintiff's Third Set of Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on May 8, 2008, I have mailed by United States Postal Service, the document to the following non-registered party:

Kenneth Holland, Inmate
SBI#164800
Delaware Correctional Institution
1181 Paddock Road
Smyrna, DE 19977

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi_____
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants