Westlaw.

--- F.Supp.2d ----

Page 1

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

Dickens v. Taylor D.Del.,2006. Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Kevin L. DICKENS, Plaintiff,
v.
Commissioner Stan TAYLOR, Bureau Chief Paul Howard, Richard Eugene Seifert, Anthony Rendina, Ibcc, John Ryan, Mike Little, Joe Hudson Ms. Havel, Cpl. Oney, Warden Tom Carroll, Dep. Warden Betty Burris, Dep. Warden Mcguigan, Major Cunningham, Capt. Sagers, Capt. Belanger Staff Lt. B. Williams, Staff Lt. Burton, Lt. Savage, Igc Lise Merson, Sgt. Evans Sgt. Moran, C/O Harris, Sgt. Tyson, C/O Neal, QRT1, Lt. Stanton, C/O Gardels, Lt. Harvey, Lt. Secord, Lt. Welcome, C/O Rainey, QRT2, Jayme Jackson, Lt. Porter, Cpl. Kromka, Counselor Kromka, Kramer, Zanda, Brian Engram, Ron Drake Major Holman, First Correctional Medical, Dr. Arronburl, Nurse Brenda Holwerda, Nurse Courtney Doe, Nurse Cindy Doe, Medical Director, Delaware Center for Justice, Shakeerah Haikal, Camille Pringle, Littleton Mitchell, and Frank Scarpetti, Defendants.
No. CIVA 04-201 JJF.

Nov. 3, 2006.

**Background:** Proceeding in forma pauperis and pro se, prisoner filed civil rights action against various corrections defendants, alleging unlawful conditions of confinement, excessive force, failure to investigate, retaliation, denial of access to the courts, improper disciplinary proceedings, failure to protect, and inadequate medical care.

**Holdings:** The District Court, Farnan, J., held that:

(1) prisoner failed to state excessive force or failure to protect claim against correctional officers;

(2) placement of prisoner in isolation for no more than two months at a time did not implicate a liberty interest;

(3) prisoner could not maintain constitutional claims based upon an inadequate grievances system, that grievances were denied, that he was not provided a hearing upon the filing of a grievance, or that his grievances were not addressed;

(4) prisoner had no property or liberty interest in prison classification program or his housing assignment; and

(5) prisoner failed to state an equal protection claim based on allegation that majority of the inmates in special housing unit were black.

Various claims dismissed.

[1] Civil Rights 78 ⇌0

78 Civil Rights
Court must dismiss a prisoner's in forma pauperis civil rights claim if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial. 28 U.S.C.A. §§ 1915, 1915A; Prison Litigation Reform Act of 1995, § 101(c)(1), 42 U.S.C.A. § 1997e(c)(1).

[2] Civil Rights 78 ⇌0

78 Civil Rights
A prisoner's in forma pauperis civil rights claim is frivolous if it lacks an arguable basis either in law or in fact. 28 U.S.C.A. §§ 1915, 1915A; Prison Litigation Reform Act of 1995, § 101(c)(1), 42 U.S.C.A. § 1997e(c)(1).

[3] Federal Civil Procedure 170A ⇌0

170A Federal Civil Procedure
A pro se complaint can only be dismissed for failure to state a claim when it appears beyond doubt that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----    Page 2

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**[4] Civil Rights 78 ⇌0**

78 Civil Rights
Institutional base classification committee, quick response teams, and justice center were not persons within meaning of § 1983; if prisoner wished to bring suit against a committee or team member, he had to name each individual. 42 U.S.C.A. § 1983.

**[5] Civil Rights 78 ⇌0**

78 Civil Rights
A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations; additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. 42 U.S.C.A. § 1983.

**[6] Civil Rights 78 ⇌0**

78 Civil Rights
Denial of access to legal documents may constitute a violation of a prisoner's First Amendment right to petition the courts and/or Fourteenth Amendment due process rights. U.S.C.A. Const.Amends. 1, 14.

**[7] Civil Rights 78 ⇌0**

78 Civil Rights
Allegations that correctional officer located and returned legal documents to prisoner failed to state a claim against officer for denial of access to legal documents. U.S.C.A. Const.Amends. 1, 14; 42 U.S.C.A. § 1983.

**[8] Civil Rights 78 ⇌0**

78 Civil Rights
Prison authorities are required to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law; however, all that is required is that prisoner have at least access to a prison paralegal or paging system by which to obtain legal materials. U.S.C.A. Const.Amends. 1, 14.

**[9] Civil Rights 78 ⇌0**

78 Civil Rights
A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of the minimal civilized measure of the necessities of life. U.S.C.A. Const.Amend. 8.

**[10] Civil Rights 78 ⇌0**

78 Civil Rights
Serving prisoner's breakfast without "protective headgear" did not deprives an prisoner of his Eighth Amendment rights. U.S.C.A. Const.Amend. 8.

**[11] Civil Rights 78 ⇌0**

78 Civil Rights
Prisoner failed to state excessive force or failure to protect claim against correctional officers; prisoner alleged that defendant officer told guard to write a false report against prisoner and allowed guard to taunt prisoner and bump him with a cart when prisoner was handcuffed and shackled, and that other defendant ordered a shakedown of his cell after he refused to allow a security count. U.S.C.A. Const.Amend. 8.

**[12] Civil Rights 78 ⇌0**

78 Civil Rights
To prevail on an Eighth Amendment failure to protect claim, a prisoner is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

**[13] Civil Rights 78 ⇌0**

78 Civil Rights

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                                      Page 3

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

A prison official is deliberately indifferent to a prisoner's serious medical need if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. U.S.C.A. Const.Amend. 8.

**[14] Civil Rights 78** 0

78 Civil Rights
Requirements of due process in prison disciplinary hearings are that an inmate is entitled to (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals. U.S.C.A. Const.Amend. 14.

**[15] Civil Rights 78** 0

78 Civil Rights
A right to appeal disciplinary convictions is not within the narrow set of due process rights afforded a prisoner. U.S.C.A. Const.Amend. 14.

**[16] Constitutional Law 92** 0

92 Constitutional Law
Due Process Clause confers no liberty interest in freedom from state action taken within the sentence imposed. U.S.C.A. Const.Amend. 14.

**[17] Civil Rights 78** 0

78 Civil Rights
State created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. U.S.C.A. Const.Amend. 14.

**[18] Civil Rights 78** 0

78 Civil Rights
Neither Delaware law nor Department of Corrections regulations created a due process liberty interest in a prisoner's classification within an institution. U.S.C.A. Const.Amend. 14; Del.Code. Ann. tit. 11, § 6529(e).

**[19] Civil Rights 78** 0

78 Civil Rights
Placement of prisoner in isolation for no more than two months at a time did not implicate a liberty interest protected by due process. U.S.C.A. Const.Amend. 14.

**[20] Civil Rights 78** 0

78 Civil Rights
Prisoner could not maintain constitutional claims based upon an inadequate grievances system, that grievances were denied, that he was not provided a hearing upon the filing of a grievance, or that his grievances were not addressed. 42 U.S.C.A. § 1983.

**[21] Civil Rights 78** 0

78 Civil Rights
Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, that right is not compromised by the failure of prison officials to address those grievances because inmates do not have a constitutionally protected right to a grievance procedure; furthermore, existence of a grievance procedure does not confer prison inmates with any substantive constitutional rights. U.S.C.A. Const.Amend. 14.

**[22] Civil Rights 78** 0

78 Civil Rights
Failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation.

**[23] Civil Rights 78** 0

78 Civil Rights
In order for a prisoner to succeed on an Eighth Amendment claim for denial of "privileges," prisoner must show that the deprivation at issue is sufficiently serious and that the prison official was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
Page 4
--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

deliberately indifferent to his plight. U.S.C.A. Const.Amend. 8.

[24] Civil Rights 78 ⇌0

78 Civil Rights
Denial of prisoner's television privileges did not give rise to an Eighth Amendment claim since television privileges did not constitute necessities; additionally, failure to serve brand name cereals and cold fresh water during meal time were not Eighth Amendment violations. U.S.C.A. Const.Amend. 8.

[25] Civil Rights 78 ⇌0

78 Civil Rights
Prisoners have no legitimate statutory or constitutional entitlement to any particular custodial classification even if a new classification would cause that inmate to suffer a grievous loss. U.S.C.A. Const.Amend. 14; Del.Code Ann. tit. 11, § 6529(e).

[26] Civil Rights 78 ⇌0

78 Civil Rights
Delaware prisoner had no due process property or liberty interest in prison classification program or his housing assignment nor could his assignment to special housing unit be viewed as falling outside the scope of the sentence imposed upon him of otherwise violative of the Constitution. U.S.C.A. Const.Amend. 14; Del.Code Ann. tit. 11, § 6529(e).

[27] Civil Rights 78 ⇌0

78 Civil Rights
An official act is not unconstitutional under Equal Protection Clause solely because it has a racially disproportionate impact. U.S.C.A. Const.Amend. 14.

[28] Civil Rights 78 ⇌0

78 Civil Rights
Prisoner failed to state an equal protection claim based on allegation that majority of the inmates in special housing unit were black where he failed to allege intentional or purposeful discrimination. U.S.C.A. Const.Amend. 14.

Kevin L. Dickens, Smyrna, DE, pro se.

MEMORANDUM OPINION

FARNAN, District J.

*1 Plaintiff Kevin L. Dickens, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I.4.) Although the Complaint was filed in 2004, service has not taken place for a number of reasons, most notably confusion over the filing of multiple Amended Complaints. On July 27, 2006, Plaintiff advised the Court that he wished to proceed on the original Complaint. (D.I.29, 30.)

For the reasons discussed below, the Court will dismiss the conditions of confinement claim in Count A brought against Defendants C/O Neal and C/O Jackson; the false disciplinary report (due process) claim in Count A brought against Defendants Sgt. Moran and Sgt. Evans; the access to court claim in Count A brought against Defendant Cpl. Kromka; the failure to protect claim in Count A brought against Defendant Staff Lt. Burton; the grievance claim in Count A brought against Defendants Major Cunningham and Capt. Belinger; the general access to the courts (law library) claim in Count C; the excessive force claim in Count D brought against Defendants Lt. Stanton and Sgt. Evans; the failure to protect claim in Count D brought against Deputy Warden McGuigan; the due process claims in Count D brought against Bureau Chief Paul Howard and Commissioner Stan Taylor; Counts E and F of the Complaint; and the claims against Defendants Delaware Center for Justice, Shakeerhah Haikal, Ms. Havel, Joe Hudson, Institutional Base Classification Committee "IBBC", Kramer, Counselor Kromka, Mike Little, IGC Lise Merson, Littleton Mitchell, Lt. Porter, Camille Pringle, Quick Response Team ("QRT") 1, QRT2, Anthony Rendina, John Ryan, Lt. Savage, Frank Scarpetti, Richard Eugene Seifert, Lt. Welcome, Staff Lt. B. Williams, and Zanda as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). The Court will direct the Clerk's Office to correct the docket sheet by removing as a Defendant Ms. Hard.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                       Page 5

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

The Court will enter a Service Order on the remaining claims.

## I. THE COMPLAINT

Plaintiff filed his original Complaint on April 1, 2004, against 53 defendants. Plaintiff alleges violations of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution. (D.I. 2, at V.) The Complaint contains six counts, but many of the claims in Counts A and D are duplicative. Plaintiff seeks compensatory and punitive damages, and injunctive relief.

Count A alleges unlawful conditions of confinement, excessive force, failure to investigate, retaliation, denial of access to the courts, improper disciplinary proceedings, failure to protect, and inadequate medical care (D.I. 2, at I-XIII.) Count A is brought against Defendants Sgt. Teddy Tyson ("Tyson"), Deputy Warden Betty Burris ("Deputy Warden Burris"), Major Holman ("Holman"), Cpl. Kromka ("Cpl.Kromka"), Staff Lt. Bernie Williams ("Williams"), Lt. Savage ("Savage"), C/O Neal ("Neal"), C/O Jackson ("Jackson"), Major Cunningham ("Cunningham"), Capt. Belanger ("Belanger"), Sgt. Michael Moran ("Moran"), C/O Harris ("Harris"), Lt. Welcome ("Welcome"), Sgt. Evans ("Evans"), Lt. Secord ("Secord"), Capt. Sagers ("Sagers"), Deputy Warden McGuigan ("Deputy Warden McGuigan"), Staff Lt. Burton ("Burton"), Lt. Stanton ("Stanton"), QRT1, Nurse Courtney Doe ("Courtney Doe"), Nurse Cindy Doe ("Cindy Doe"), Lt. Harvey ("Harvey"), QRT2, C/O Rainey ("Rainey") and C/O Gardels ("Gardels").

*2 Count B alleges denial and lack of adequate medical care and unsanitary conditions. Id. at XIII-XXI. Count B is brought against Defendants Bureau Chief Paul Howard ("Bureau Chief Howard"), Commissioner Stan Taylor ("Commissioner Taylor"), First Correctional Medical ("FCM"), Nurse Administrator Brenda Holwerda ("Holwerda"), Courtney Doe, Cindy Doe, Warden Tom Carroll ("Warden Carroll"), Deputy Warden McGuigan, Camille Pringle ("Pringle"), Medical Director, and Dr. Arronburl, ("Dr.Arronburl").

Count C alleges a denial of legal access and right to counsel and is brought against Defendants Law Librarian Brian Engram ("Engram"), Savage, Mike Little ("Little"), John Ryan ("Ryan"), Cpl. Kromka, Commissioner Taylor, and Cpl. Oney ("Oney"). Id. at XXI-XXV. Count D alleges the imposition of retaliatory sanctions, failure to protect, and violations with respect to disciplinary procedures such as the denial of witnesses and the right to confrontation, and not being advised of prison disciplinary charges. Count D is brought against Defendants Williams, Savage, Rendina, Tyson, Moran, Cunningham, Belanger, Drake, Howard, Commissioner Taylor, Stanton, Evans, Sagers, Harvey, Burton, Deputy Warden McGuigan, and Warden Carroll. Id. at XXVI-XXIX. Count E alleges claims for failure to follow prison grievance procedures and is brought Defendants Cpl. Merson ("Merson"), Deputy Warden Burris, Assistant Bureau Chief Richard Seifert ("Seifert"), the Delaware Center for Justice, Shakeerah Haikal ("Haikal"), Pringle, Littleton Mitchell ("Mitchell"), Frank Scarpetti ("Scarpetti"), and FCM. Id. at XXIX-XXXI. Finally, Count F alleges discriminatory classification and unlawful loss of privileges, and is brought against Defendants Belanger, Cunningham, Counselor Kramer ("Kramer"), Counselor Tom Zanda ("Zanda"), IBCC, Jackson, and Rendina. Id. at XXXII-XXIV.

## II. STANDARD OF REVIEW

[1] When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. When a prisoner challenges prison conditions the screening provisions of 42 U.S.C. § 1997e(c)(1) apply. All three statutes provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. These sections require the Court to "dismiss an *in forma pauperis* claim if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----    Page 6

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

*Deutsch v. United States*, 67 F.3d 1080, 1089 (3d Cir.1995).

[2][3] *Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir.1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### III. ANALYSIS

#### A. Persons-42 U.S.C. § 1983

*3 [4] Plaintiff raises claims against the IBCC, QRT1, QRT2, and the Delaware Center for Justice. To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his rights. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). These Defendants are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). If Plaintiff wishes to bring suit against a member of the IBCC or the Quick Response Teams then he must name each individual. Thus, the IBCC, QRT1, QRT2, and the Delaware Center for Justice are not proper defendants to this action, and therefore, the Court will dismiss all Plaintiff's claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B. Personal Involvement

Joe Hudson ("Hudson"), Lt. Porter ("Porter"), Ms. Havel "(Havel"), and Counselor Kromka are named as Defendants in the caption of this case. These four individuals are mentioned a second time in the " Section III. C. Parties," as additional defendants. However, the Court has read the Complaint numerous times and has found no other mention of these Defendants.

[5] A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir.1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Because there are no allegations that Defendants Hudson, Porter, Havel, and Counselor Kromka had any personal involvement in depriving Plaintiff of a federal right, the Court will dismiss these Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### C. Access to Courts

In Count A Plaintiff alleges that he was sent to isolation on February 22, 2002, and during that time he was a defendant in a criminal trial. (D.I. 2, at I.) Plaintiff alleges that the trial judge ordered correctional officers to return legal documents that had been taken from him. *Id.* Plaintiff alleges that unnamed correctional officers refused to give the documents to him, but that on March 22, 2002, Cpl. Kromka located the legal material and returned it to him. *Id.* Also, in Count C, Plaintiff alleges that because he is housed in Security Housing Unit (" SHU"), he does not receive the same type of paralegal services as non-SHU inmates.

[6][7] Plaintiff appears to allege an access to the courts claim against Cpl. Kromka. Denial of access to legal documents may constitute a violation of a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ---- Page 7

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

prisoner's First Amendment right to petition the courts and/or Fourteenth Amendment due process rights. *Zilich v. Lucht,* 981 F.2d 694, 695 (3d Cir.1992). The allegations are, however, that Cpl. Kromka located and returned the legal documents to Plaintiff; not that he deprived Plaintiff of the legal materials. Accordingly, the Court concludes that count A fails to state a claim against Cpl. Kromka upon which relief may be granted, and therefore, the Court will dismiss the claim in Count A brought against Cpl. Kromka.

*4 [8] Plaintiff alleges in Count C that because he is housed in SHU he does not receive the same sort of access to the law library as inmates in less restricted housing. As is well known, persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. This right "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) (quoting *Turner v. Safley,* 482 U.S. 78, 85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Thus, courts have been called upon to review the balance struck by prison officials between the penal institution's need to maintain security within its walls and the rights of prisoners. *Howard v. Snyder,* 389 F.Supp.2d 589, 593 (D.Del.2005).

All that is required is that Plaintiff have at least access to a prison paralegal or paging system by which to obtain legal materials. *Abdul-Akbar v. Watson,* 4 F.3d 195, 203 (3d Cir.1993) (in the case of segregated prisoners who do not have access to an institution's main law library, the law requires they must have some means by which documents and materials can be identified and furnished to them in a timely fashion). By Plaintiff's own admission, he is not being deprived of access to the law library. Rather, his access is limited. Accordingly, the Court will dismiss the access to courts law library claim alleged in Count C as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Eighth Amendment Claims

#### 1. Conditions of Confinement

In Count A, Plaintiff also alleges that Defendants Neal and Jackson refused to serve breakfast in a sanitary manner by wearing protective headgear. (D.I. 2, at III.) This claim, liberally construed, alleges a condition of confinement claim.

[9][10] A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of the minimal civilized measure of the necessities of life. *See Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The Court concludes that serving breakfast without "protective headgear" is not so reprehensible as to be deemed inhumane. Accordingly, the Court concludes that Plaintiff's conditions of confinement claim against Neal and Jackson is frivolous, and therefore the Court will dismiss this claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

#### 2. Excessive Force/Failure to Protect

[11] The Complaint alleges that Plaintiff was the victim of Defendant C/O Harris' retaliation and harassment. Plaintiff appears to allege either an excessive force or failure to protect claim in Count A against Lt. Welcome when he alleges that Welcome allowed Harris to come into contact with Plaintiff when Harris handcuffed Plaintiff. (D.I. 2, at VI.) Plaintiff also alleges that Welcome told Harris to write a false report against Plaintiff and that he allowed Harris to taunt him and bump him with a cart when Plaintiff was handcuffed and shackled. *Id.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

Page 8

*5 Although not clear, Plaintiff also appears to allege a failure to protect claim against Staff Lt. Burton in Count A. Plaintiff alleges that he had altercations with Sgt. Evans and that Staff Lt. Burton told Plaintiff to contact him if the problems continued. *Id.* at VIII. Plaintiff alleges that Burton ordered a shakedown of his cell after Plaintiff refused to allow Sgt. Evans and his staff to conduct a security count, but that no contraband was found, and Plaintiff returned to his cell. *Id.* Plaintiff also alleges that Burton ordered SHU officers to feed him. *Id.*

[12] To state a claim for excessive force under the Eighth Amendment, a prisoner must allege that force was applied maliciously or sadistically to cause harm. *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). *See Farmer v. Brennan,* 511 U.S. 825, 833-34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also Griffin v. DeRosa,* 153 Fed.Appx. 851, 2005 WL 2891102 (3d Cir.2005).

The Court concludes that the allegations against Welcome and Burton do not rise to the level of a violation of the Eighth Amendment based on either the use of excessive force or a failure to protect. Accordingly, the Court will dismiss these claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

To the extent Count D contains allegations of excessive force and failure to protect against Defendants Stanton, Evans, and McGuigan, the Court concludes that these claims are duplicative of those raised in Count A. (D.I. 2, at XXVII.) Plaintiff's allegations fail to rise to the level of an Eighth Amendment violation, and therefore, the Court will dismiss the claims in Count D brought against Defendants Stanton, Evans, and Deputy Warden McGuigan.

3. Medical Claim

In Count B, Plaintiff appears to allege that Pringle of the Delaware Center for Justice was deliberately indifferent to his medical needs. He alleges that his mother contacted Pringle regarding medical treatment he needed, and Pringle indicated that she would contact the Department of Correction ("DOC") regarding the matter. *Id.* at XVIII.

[13] The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble,* 429 U.S. 97, 103-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble,* 429 U.S. at 104; *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan,* 511 U.S. at 837. A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble,* 429 U.S. at 104-05.

*6 The allegations against Pringle do not allege indifference to Plaintiff's plight. Rather, Plaintiff alleges that Pringle indicated she would take steps to contact the Delaware DOC. Moreover, it is not clear that Pringle is a state actor [FN1] which is a required for a § 1983 claim. Accordingly, the Court concludes that the claim against Pringle in Count B is frivolous, and therefore, the Court will dismiss this claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

E. Due Process

Several counts of the Complaint contain due process claims. Plaintiff was held in isolation from February 22, 2002 until March 2002. He alleges in Count D that he was given a "cursory" hearing by Williams and found guilty. (D.I. 2, at XXVI.) Plaintiff alleges in Counts A and D that after he was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.