--- F.Supp.2d ----

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

Page 9

found guilty of a disciplinary charge in April 2002, Defendant Williams refused to send his appeal to Appeals Chief, Anthony Rendina. *Id.* at II-III. In Count D Plaintiff also alleges that Williams has a bias against inmates. *Id.* at IV.

In Count A, Plaintiff alleges that when he was sent to isolation in April 2002, Defendant Savage circumvented prison policy by holding a cursory disciplinary hearing after the isolation period had ended. *Id.* at III. Plaintiff alleges this was done to prevent the staying of sanctions pending appeal. *Id.* Plaintiff also alleges that when he was placed in isolation for 15 days as a result of a "soap throwing incident", Savage conducted a cursory hearing on the last day of his isolation and found Plaintiff guilty so that an appeal would be futile. *Id.* at IV.

Count A also contains allegations that Defendants Moran and Evans fabricated or wrote false disciplinary reports. *Id.* at V, VI. The alleged false reports authored by Moran concerned Plaintiff's refusal to leave his cell to shower or exercise. *Id.* The alleged report by Evans concerned a "coffee throwing" incident.

In Count C, Plaintiff alleges that he received a disciplinary report for possession of a letter which he contended was a "legal document". *Id.* at XXII-XXIII. Plaintiff explains that the letter was from a fellow inmate in response to an investigation by the U.S. Department of Justice. Plaintiff takes exception to the prison rule which precludes collaboration by prisoners on legal claims. *Id.* at XXIII. He alleges that Savage violated his constitutional rights when he did not return the letter following the disciplinary hearing, "even though prison policy mandates that confiscated legal papers be returned to owner". *Id.*

In Count D, Plaintiff alleges that Savage is biased against inmates during hearings and that he delays appeals. *Id.* at XXVI. More particularly, he alleges that he was sent to isolation without a hearing where he remained from November 26 through December 11, 2003. *Id.* at XXVII. Plaintiff alleges that Savage waited until after Plaintiff served his sanction before holding a hearing on the last day of his isolation. *Id.* He alleges that Savage refused to send his appeal to the appeals officer. *Id.* Additionally, Plaintiff alleges that when he was sent to isolation from July 27, 2003, through August 11, 2003, for a tray throwing incident, Savage gave him a cursory hearing and found him guilty. *Id.* Finally, Plaintiff alleges that after he received a disciplinary report for barricading himself in his cell, Savage provided him a cursory hearing on October 29, 2003, a month after his release from isolation. *Id.* at XXIX.

*7 In Count D, Plaintiff also alleges that Appeals Officer Rendina violated his constitutional rights by supporting the hearing officers' findings. *Id.* Plaintiff also alleges that he complained to Rendina, Howard, and Taylor of Savage's actions and that they either ignored or condoned the actions of Savage. *Id.* at XXVII-XXVIII.

[14][15] While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. *Wolff v. McDonnell,* 418 U.S. 539, 556-57, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Young v. Kann,* 926 F.2d 1396, 1399 (3d Cir.1991). The requirements of due process in prison disciplinary hearings are that an inmate is entitled to (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff,* 418 U.S. at 563-71. A right to appeal disciplinary convictions is not within the narrow set of due process rights delineated in *Wolff. Garfield v. Davis,* 566 F.Supp. 1069, 1074 (E.D.Pa.1983); *Greer v. DeRobertis,* 568 F.Supp. 1370 (N.D.Ill.1983).

In reading Plaintiff's Complaint, the Court concludes that he was afforded basic due process protections as outlined in *Wolff.* Indeed, hearings were held and findings were made by the hearing officers. As discussed above, an appeal of a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)  
(Cite as: --- F.Supp.2d ----)

Page 10

disciplinary conviction is not within the narrow set of due process rights delineated in *Wolff*, and therefore, the Court concludes that Plaintiff's regarding delay or impediment of his appeals fail to state a claim. As for Plaintiff's allegation that Savage violated his constitutional rights when he failed to return to a document Plaintiff describes on the one hand as "legal", and on the other hand as one from a fellow inmate, the Court notes that the Supreme Court has upheld restrictions on inmate-to-inmate communications. *See Shaw v. Murphy*, 532 U.S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001); *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Savage did not violate Plaintiff's constitutional rights by not returning the letter at issue.

[16][17][18] As for Plaintiff's other due process allegations, the Court concludes that none are cognizable as § 1983 claims under the holding of *Wolff*. It is axiomatic that to be entitled to procedural due process protections as set forth in *Wolff*, a prisoner must be deprived of a liberty interest. *See Wolff*, 418 U.S. at 557-558. The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Further, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir.1997) (quoting *Sandin*, 515 U.S. at 484). Finally, neither Delaware law nor DOC regulations create a liberty interest in a prisoner's classification within an institution. *See* Del.Code. Ann. tit. 11, § 6529(e).

*8 [19] Plaintiff complains that on several occasions he was placed in isolation and a hearing was not held until either after his release from isolation or towards the end of his confinement there. He also complains that Defendants' actions resulted in the filing of false disciplinary charges and related disciplinary sanctions. In the Court's view, these claims, without more, do not violate Plaintiff's constitutional rights under the Due Process Clause. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir.2002). Plaintiff's due process rights are triggered by a deprivation of a legally cognizable liberty interest which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 484.

The Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. *Griffin*, 112 F.3d at 706-09; *see Sack v. Canino*, No. Civ. A. 95-1412, 1995 WL 498709, *1 (E.D.Pa. Aug.21, 1995) (assuming that the plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights). Here, Plaintiff complains of stints in isolation, none for more than two months. Accordingly, the Court cannot conclude that these small amounts of time implicate a protected liberty interest.

Accordingly, the Court will dismiss Plaintiff's due process claims against Defendants Williams (Counts A and D); Savage (Counts A, C, and D); Moran (Count A); Evans (Count A); Rendina (Count D); Howard (Count D); and Taylor (Count D) as either frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B)(ii).

F. Grievances

[20] The Complaint contains several claims regarding grievances filed by Plaintiff, the procedure used to resolve grievances, and the denial of grievances. Plaintiff alleges in Count A that Neal threw coffee at him, but it did not hit him [FN2]. (D.I. 2, at III.) Plaintiff filed a grievance in connection with the incident and alleges that Cunningham and Belinger responded to the grievance by covering up Neal's actions. *Id.*

In Count C, Plaintiff alleges that he filed grievances regarding the actions of law librarian Engram in his

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

Page 11

assistance or lack thereof to Plaintiff in meeting court deadlines. *Id.* at XXIII. Plaintiff alleges that Engram's supervisors, Little and Ryan, denied the grievances. *Id.*

In Count E, Plaintiff alleges that he was transferred to SHU in March 2002, and "noticed" that Merson refused to follow grievance procedures by rejecting grievances *sua sponte* or by not holding a hearing. *Id.* at XXIX. He further alleges that Merson rejects grievances under the category of "other", has denied many of his grievances, and has never granted him a hearing. *Id.* Plaintiff alleges that when Merson did not resolve his grievances he sent his grievances directly to Deputy Warden Burris who condoned and signed off on the grievances rejected by Merson. *Id.* Plaintiff alleges he complained of Merson's actions to Seifert, and that Seifert condoned Merson's actions. *Id.* at XXX. Similarly, Plaintiff alleges that FCM refuses to grant him hearings on medical grievances he filed. *Id.* at XXXI.

*9 Plaintiff also alleges in Count E that the Delaware Center for Justice had a contract with the DOC to oversee and certify the inmate grievance procedure. *Id.* He alleges that the Delaware Center for Justice violated his constitutional rights by certifying DOC Inmate Grievance Policy 4.4. *Id.* Plaintiff further alleges that Delaware Center for Justice's employees, Haikal, Pringle, Mitchell, and Scarpetti either ignored or failed to answer his numerous complaints and grievances.[FN3] *Id.*

[21][22] Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King,* 346 F.Supp.2d 751, 761(E.D.Pa.2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser,* No. 04-4713, 138 Fed.Appx. 414, 415 (3d Cir.2005) (not precedential) (citing *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991)). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson,* 886 F.Supp. 410, 418-419 (D.Del.), *aff'd* 74 F.3d 1226 (3d Cir.1995). Moreover, "[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Gordon v. Vaughn,* 1999 WL 305240, at *2, (E.D.Pa. May 12, 1999) (citing *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir.1994)). Therefore, " '[i]f the state elects to provide a grievance mechanism, violations of its procedures do not...give rise to a 1983 claim.' " *Hoover,* 886 F.Supp. at 418-19 (quoting *Spencer v. Moore,* 638 F.Supp. 315, 316 (E.D.Mo.1986)).

Plaintiff cannot maintain constitutional claims based upon an inadequate grievances system, that grievances were denied, that he was not provided a hearing upon the filing of a grievance, or that his grievances were not addressed. Therefore, the Court will dismiss the grievance issue claims against Cunningham and Belinger in Count A; Little and Ryan in Count B; and Count E in its entirety brought against Defendants Merson, Deputy Warden Burris, Seifert, Delaware Center for Justice, Haikal, Pringle, Mitchell, Scarpetti, and FCM for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

G. Classification/Privileges/Discrimination

In Count F, Plaintiff attempts to raise claims against Defendants Belanger, Cunningham, Counselor Kramer, and Zanda. He alleges that the SHU staff uses televisions as punishment against inmates who break prison rules. (D.I. 2, at XXXII.) Plaintiff alleges that Belanger, Cunningham, and SHU counselors "concocted a policy of only letting inmates at the QOL Level II receive televisions. *Id.* Plaintiff alleges that although he completed the first level of programming, Counselor Kramer and SHU staff refused to grant him a television despite his being at QOL Level II. *Id.* He further alleges that his level was decreased to Level I in March 2003 and since that time Zanda continued the discriminatory practice. *Id.* at XXXII-XXXIII. Plaintiff also alleges that Belanger and Cunningham discontinued name brand cereals in SHU and instead provide generic cereal. Plaintiff complains this action was not taken against non-SHU inmates. Plaintiff further alleges that SHU inmates are not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

Page 12

given cold fresh water to drink during meals. *Id.* at XXXIII.

**\*10** [23] "Lawful incarceration brings about the necessary withdrawal or limitation of many rights." *Price v. Johnston,* 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). In order to succeed on an Eighth Amendment claim for denial of "privileges," a plaintiff must show that "the deprivation at issue is sufficiently serious and that the prison official was deliberately indifferent to his plight." *Todd v. Walters,* 166 Fed.Appx. 590, 2006 WL 73132, at \*2 (3d Cir. Jan.5, 2006).

[24] Plaintiff complains that he was denied television privileges and that this is a form of discrimination. Television privileges, however, do not constitute necessities. *See Pepper v. Carroll,* 423 F.Supp.2d 442 (D.Del.2006). Nor does the serving of brand name cereals. Plaintiff also complains that he is not given cold fresh water during meal time, yet acknowledges he is given chlorinated water. The Court concludes that Plaintiff's television, brand name cereal, and water claims are frivolous and do not rise to the level of constitutional violations. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), the Court will dismiss without prejudice the claims against Belanger, Cunningham, Counselor Kramer, and Zanda.

Plaintiff also alleges in Count F that the classification process is unfair and arbitrary because it is based upon factors such as age, unsentenced charges, disciplinary sanctions for an outside institution, and disciplinary sanctions imposed during a previous incarceration. He also alleges the classification process is discriminatory because the majority of the inmates in SHU are Black, but there is a high percentage of White inmates in minimum security. Finally, Plaintiff complains that neither the IBCC, Jackson or Rendina responded to his requests to appeal his classification.

[25] Initially, the Court notes that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a " grievous loss." *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Moreover, neither Delaware law nor Delaware DOC regulations create a liberty interest in a prisoner's classification within an institution. *See* Del.Code Ann. tit. 11, § 6529(e). " 'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." ' *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (quoting *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976)).

[26] It has thus been determined that the transfer of a prisoner from one classification is unprotected by " 'the Due Process Clause in and of itself," 'even though the change in status involves a significant modification in conditions of confinement. *Hewitt,* 459 U.S. at 468 (citation omitted); *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *see also Lott v. Arroyo,* 785 F.Supp. 508, 509 (E.D.Pa.1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham,* 730 F.Supp. 612 (D.Del.1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Plaintiff has no property or liberty interest in the classification program or his housing assignment. Nor can Plaintiff's assignment to SHU housing be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution." Therefore, the Court will dismiss the classification claims brought against the IBCC, Jackson and Rendina.

**\*11** [27] In Count F, Plaintiff makes the conclusory allegation that there is discrimination because the majority of inmates in SHU are black, while there is a large percentage of White inmates in minimum security housing. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In order to raise

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                    Page 13

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

a valid equal protection claim, a plaintiff must show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir.2001). To demonstrate a violation of the Equal Protection clause, a plaintiff must show more than discriminatory impact. *See Arlington Heights v. Metropolitan Hous. Dev. Corp.,* 429 U.S. 252, 264-65, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). "[A] official act is not unconstitutional solely because it has a racially disproportionate impact." *Williams v. Federal Bureau of Prisons and Parole Comm'n,* No. 00-1986, 85 Fed.Appx. 299, 305 (3d. Cir.2004) (citations omitted).

[28] In this case, Plaintiff does not allege intentional or purposeful discrimination. Rather, Plaintiff alleges that because the majority of the inmates in SHU are black, the classification system adversely affects them. Because an official act, however, is not unconstitutional solely because it has a racially disproportionate impact, the Court concludes that based upon the foregoing analysis, Plaintiff has failed to state a cause of action upon which relief may be granted. Accordingly, the Court will dismiss Plaintiff's claim.

In sum, the Court concludes that the claims of constitutional violations contained in Count F have no arguable basis in law or in fact. Therefore, pursuant to 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B)(ii), the Court will dismiss Count F in its entirety and its claims against Defendants Belanger, Cunningham, Counselor Kramer, Zanda, IBCC, Jackson, and Rendina.

### IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the conditions of confinement claim in Count A brought against Defendants Neal and Jackson; the false disciplinary report (due process) claim in Count A brought against Defendants Moran and Evans; the access to court claim in Count A brought against Defendant Kromka; the failure to protect claim in Count A brought against Defendant Burton; the grievance claim in Count A brought against Defendants Cunningham and Belinger; the general access to the courts (law library) claim in Count C; the excessive force claim in Count D brought against Defendants Stanton and Evans; the failure to protect claim in Count D brought against Deputy Warden McGuigan; the due process claims in Count D brought against Bureau Chief Howard and Commissioner Taylor; Counts E and F of the Complaint; and the claims against Defendants Delaware Center for Justice, Haikal, Havel, Hudson, IBBC, Kramer, Counselor Kromka, Little, Merson, Mitchell, Porter, Pringle, QRT1, QRT2, Rendina, Ryan, Savage, Scarpetti, Seifert, Welcome, Williams, and Zanda as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). The Court will direct the Clerk's Office to correct the docket sheet by removing Ms. Hard as a Defendant because she was added in error. The Court will enter a Service Order on the remaining claims. An appropriate order will be entered.

### ORDER

\*12 NOW THEREFORE, at Wilmington this 3 day of November, 2006, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall cause a copy of this Order to be mailed to Plaintiff.

2. As instructed by Plaintiff, this case will proceed on the original Complaint found at D.I. 2.

3. The Clerk of the Court is instructed to remove Defendant Ms. Hard from the list of Defendants in the Court Docket as she is not a named Defendant.

4. The following claims in Count A are *DISMISSED* without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1): conditions of confinement claim brought against Defendants C/O Neal and C/O Jackson; false disciplinary report (due process) claim brought

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ---- Page 14

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

against Defendants Sgt. Moran and Sgt. Evans; access to court claim brought against Defendant Cpl. Kromka; failure to protect claim brought against Staff Lt. Burton; and grievance claim brought against Defendants Cunningham and Belinger.

5. That portion of Count C alleging a general access to the courts (law library) claim in Count C is *DISMISSED* without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

6. The following claims in Count D are *DISMISSED* without prejudice as duplicative: excessive force claim brought against Defendants Lt. Stanton and Sgt. Evans; and failure to protect claim brought against Deputy Warden McGuigan.

7. The due process claims in Count D brought against Bureau Chief Paul Howard and Commissioner Stan Taylor are *DISMISSED* without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. Counts E and F of the Complaint are *DISMISSED* without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

9. The following Defendants are *DISMISSED* without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as the claims brought against them are either frivolous or fail to state a claim upon which relief may be granted: Delaware Center for Justice, Shakeerhah Haikal, Ms. Havel, Joe Hudson, IBCC, Kramer, Counselor Kromka, Mike Little, IGC Lise Merson, Littleton Mitchell, Lt. Porter, Camille Pringle, QRT1, QRT2, Anthony Rendina, John Ryan, Lt. Savage, Frank Scarpetti, Richard Eugene Seifert, Lt. Welcome, Staff Lt. B. Williams, and Zanda

10. The Court has identified cognizable claims in the foregoing listed Counts against the following Defendants. Plaintiff is allowed to *PROCEED* against the Defendants on the claims and Counts as listed below:

Count A: Sgt. Teddy Tyson (conditions of confinement); Deputy Warden Betty Burris (conditions of confinement); Major Holman (conditions of confinement); C/O Neal (excessive force); C/O Jayme Jackson (excessive force); Sgt. Moran (excessive force, conditions of confinement); C/O Harris (retaliation); Sgt. Evans (excessive force, conditions of confinement); Lt. Secord (failure to protect); Capt. Sagers (failure to protect); Deputy Warden McGuigan (failure to protect); Lt. Stanton (excessive force); Nurse Courtney Doe (indifference to serious medical need); Nurse Cindy Doe (indifference to serious medical need); Lt. Harvey (failure to protect); C/O Rainey (failure to protect); and C/O Gardels (excessive force).

*13 Count B: Bureau Chief Paul Howard (conditions of confinement); Commissioner Stan Taylor (conditions of confinement); Deputy Warden McGuigan (indifference to serious medical need); Nurse Courtney Doe (indifference to serious medical need); Nurse Cindy Doe (indifference to serious medical need); First Correctional Medical (indifference to serious medical need); Nurse Brenda Holwerda (indifference to serious medical need; privacy claim); Warden Tom Carroll (indifference to serious medical need); Medical Director, and Dr. Arronburl (indifference to serious medical need).

Count C: Brian Engram (access to courts); Cpl. Kromka (access to courts); Commissioner Stan Taylor (access to courts); and Cpl. Oney (access to courts).

Count D: Sgt. Teddy Tyson (retaliation); Major Cunningham (failure to protect); Capt. Sagers (excessive force); Staff Lt. Burton (failure to protect); Sgt. Moran (retaliation); Capt. Belanger (failure to protect); Ron Drake (failure to protect); Lt. Harvey (excessive force); Warden Tom Carroll (failure to protect).

IT IS FURTHER ORDERED that:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
Page 15

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)  
(Cite as: --- F.Supp.2d ----)

1. Pursuant to Fed.R.Civ.P. 4(c)(2) and (d)(2), Plaintiff has provided to the Court original "U.S. Marshal-285" forms for remaining Defendants Sgt. Teddy Tyson, Deputy Warden Betty Burris, Major Holman, C/O Neal, C/O Jayme Jackson, Sgt. Moran, C/O Harris, Sgt. Evans, Lt. Secord, Capt. Sagers, Deputy Warden McGuigan, Lt. Stanton, Nurse Courtney Doe, Nurse Cindy Doe, Lt. Harvey, C/O Rainey, C/O Gardels, Bureau Chief Paul Howard, Commissioner Stan Taylor, First Correctional Medical, Nurse Brenda Holwerda, Warden Tom Carroll, Medical Director, Dr. Arronburl, Brian Engram, Cpl. Kromka, Cpl. Oney, Major Cunningham, Staff Lt. Burton, Capt. Belanger, Ron Drake as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del.Code Ann. tit. 10, § 3103(c). Plaintiff shall provide the Court with copies of the Complaint (D.I.2) for service upon the remaining Defendants.

2. Upon receipt of the Complaints required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the Complaint, this Order, a "Notice of Lawsuit" form, the filing fee order, and a "Return of Waiver" form upon the remaining Defendants identified in the 285 forms.

3. Within thirty (30) days from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed.R.Civ.P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

4. Pursuant to Fed.R.Civ.P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the Complaint within sixty (60) days from the date upon which the Complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

*14 5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6. NOTE: * * * When an amended complaint is filed prior to service, the Court will VACATE all previous service orders entered, and service will not take place. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). * * *

7. NOTE: * * * Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. * * *

FN1. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)) (overruled in part on other grounds *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

FN2. The action of Neal in throwing coffee at Plaintiff does not state a constitutional claim since the coffee missed Plaintiff and there is no indication he was harmed as a result of the "coffee throwing incident".

FN3. Again, it is not clear these Defendants are state actors. *See supra* n. 3, at 13.

D.Del.,2006.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                              Page 16

--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

Dickens v. Taylor
--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.