Westlaw.

Not Reported in F.Supp.  Page 1

Not Reported in F.Supp., 1995 WL 498709 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

C
Briefs and Other Related Documents
Sack v. Canino E.D.Pa.,1995.Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Matthew A. SACK, Plaintiff,
v.
Mary CANINO, et al., Defendants.
No. CIV. A. 95-1412.

Aug. 21, 1995.

ROBRENO.

ORDER-MEMORANDUM

*1 AND NOW, this 21st day of August 1995, upon consideration of defendants' motion for summary judgment (docket no. 8), the plaintiff's response (docket no. 9), and the defendants' reply (docket no. 10), it is ORDERED that the motion is GRANTED.[FN1] Because the Court has granted defendants' summary judgment motion, the plaintiff's pending motion for appointment of counsel (docket no. 4) is DENIED AS MOOT.[FN2] The Court relies upon the following reasoning:

1. Plaintiff contends that hearing officer Canino refused to consider his explanation that he struck his cell mate three to four times in self-defense. Accepting for purposes of this motion plaintiff's version of the facts, the Court finds that plaintiff had no constitutional right to assert a claim of self-defense within the context of a prison disciplinary hearing. *Rowe v. DeBruyn,* 17 F.3d 1047, 1052-53 (7th Cir.1994) (prisoners do not have a fundamental right to defend charges of misconduct in prison disciplinary proceedings on the basis that they acted in self-defense).

2. Plaintiff was given advanced notice of the disciplinary charges and was afforded a hearing at which time he presented witnesses. Moreover, plaintiff received a written explanation by the fact finder of the evidence she relied upon and the reasons for the disciplinary motion. Therefore, the Court finds that, assuming that the thirty (30) day disciplinary confinement implicated plaintiff's liberty interest, plaintiff's due process rights were not violated. *Wolff v. McDonnell,* 94 S.Ct. 2963, 2974-75 (1974).

3. Alternatively, the Court finds that the penalty of thirty (30) days disciplinary confinement imposed by the prison authorities does not present "the type of atypical, significant deprivation [in the context of prison life] in which a state might conceivably create a liberty interest." *Sandin v. Conner,* 115 S.Ct. 2293, 2301 (1995). Therefore, even assuming that the plaintiff was not afforded the full panoply of protections called for by *Wolff,* because the thirty (30) day disciplinary confinement in the context of prison conditions did not implicate a liberty interest of the plaintiff, such infraction did not violate the plaintiff's rights under the Due Process Clause.[FN3]

AND IT IS SO ORDERED.

FN1. Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court must accept the non-movant's version of the facts as true, and resolve conflicts in the non-movant's favor. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262 (1993). The moving party bears the initial burden of pointing out the absence of genuine issues of material fact, *see Celotex Corp. v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Page 2

non-movant must come forward with facts showing that a genuine issue exists. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

FN2. The Court has broad discretion to determine whether appointment of counsel is warranted, although it must provide reasons for its decision. *See Tabron v. Grace,* 6 F.3d 147, 157-58 (3d Cir.1993), *cert. denied,* 114 S.Ct. 1306 (1994). As a threshold matter, the Court must consider the merits of plaintiff's claim, and satisfy itself that the pleadings state a prima facie case and are not frivolous or malicious. *See Tabron v. Grace,* 6 F.3d at 155. If the it must then consider the following non-exhaustive list of factors in determining whether to appoint counsel: (1) the plaintiff's ability to present his or her case (i.e., education, literacy, and prior litigation experience), and the complexity of the particular legal issues; (2) the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation; (3) if the plaintiff is a prisoner, the extent to which he or she may face problems pursuing his or her claim (i.e., whether conditions of confinement make him or her unable to use a typewriter, photocopier, telephone, or computer); (4) whether the claim is likely to require extensive discovery and compliance with complex discovery rules; (5) whether the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron v. Grace,* 6 F.3d at 156-57. In the present case, the Court finds that the plaintiff's claim is not frivolous or malicious, however, it will nevertheless deny appointment of counsel. Plaintiff's pleadings demonstrate that he is literate,

did at a hearing that plaintiff's case required little or no investigation and discovery. The legal issues are straight-forward, and no expert testimony was necessary. Finally, since the Court accepted all of plaintiff's allegations as true for the purposes of the motion, the case did not turn on credibility determinations.

FN3. The Court has considered all other claims advanced by plaintiff and considers them to have no merit. Also, because the Court has decided the motion on the basis set forth above, it has not reached the defendants' additional arguments including their claim to qualified immunity.

Sack v. Canino
Not Reported in F.Supp., 1995 WL 498709 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:95cv01412 (Docket) (Mar. 10, 1995)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.