IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| KENNETH HOLLAND,<br>    Plaintiff,<br><br>v.<br><br>STANLEY TAYLOR, et al.,<br>    Defendants. | )<br>)<br>)<br>) C.A. No. 05-464-SLR<br>) JURY TRIAL DEMANDED<br>)<br>) |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff, Kenneth Holland, hereby moves this Honorable Court to deny the Defendants' Renewed Motion for Summary Judgment. In support of his request he offers the following:

1. The defendants had ample time to file their Motion for Summary Judgment. Instead, they filed said Motion on June 3, 2008, one day after the Court had ruled that all said Motions were to be filed. This is just a continuation by the defendants to try and manipulate this process. They still have not answered the last set of interrogatories that were sent to them, as well as asking for an extension of time to file their Motion three days after the Motion was due. The Court needs to show the defendants that they are not going to be able to disregard the Orders that this Honorable Court has handed down and deny this Motion for being untimely.

2. Furthermore, the defendants now claim to have immunity under the Eleventh Amendment of the United States Constitution. The fact of the matter is that the defendants being sued in their official capacities do not have immunity due to the fact that the State of Delaware enacted the Tort Claims Act, 10 Del.C. §4001. Under this act the State gives its permission to be sued

when there is a case of gross or wanton negligence.  In the instant case the facts show that all of the defendants were grossly negligent in their duties and literally caused the whole problem due to their complete and total deliberate indifference to the plaintiff and all of the other inmates.

    3. The Department of Correction may not be a "person", but it is an independent entity and can be sued as a matter of law. The Department of Correction was and still is responsible for the plaintiff's safety and well being.  It is responsible for the hiring and firing of its employees and ensuring that they all do their jobs in a professional and capable manner.  The Department's lack of rules and regulations in regard to ensuring that its employees are not only physically, but mentally and spiritually sound is the main reason that the present situation has arisen.  The Department of Correction's lack of adequate leadership and complete deliberate indifference to the inmates that are in its care are an ongoing problem that is still being ignored to this day.

    4. The defendants' claim that the plaintiff had no Constitutional right to participate in the work release program, this is an inaccurate statement.  The plaintiff was sentenced to work release by the sentencing judge in his case.  This alone gives him the right to work release.  The State defendants have made a habit of denying the right to work release to its inmate population, even when the inmate is sentenced to work release.  All you have to do is look at the Sentencing Order in the instant matter. The stipulation that plaintiff be held at Level V until a space at Level IV is available.  This goes against Constitutional Law

in and of itself.  The defendants are trying to claim that there is no liberty interest involved with the move to SVOP.  If there is no liberty interest involved, then why was the plaintiff denied the liberty of continuing in work release.  This is not a case of ordinary prison life, mainly because the plaintiff was not in prison when this whole situation occurred.  The plaintiff had moved to a work release facility, after being illegally held at the CVOP instead of a work release facility.  The defendants would have you believe that the plaintiff was still an inmate in prison instead of working his way back into society at a lower level of confinement.  This being the case, the plaintiff's had a liberty interest at stake and the defendants infringed upon his rights to due process and sentenced him to a lower level of confinement.

    5. The defendants claim that the plaintiff, knowing the rules and regulations of the prison, should have known when the MDT was going to meet in regards to his program violation.  He was not informed of the meeting, and the only reference to the MDT was that they "usually meet on Teusdays".  He was not informed in writing of any hearing, and the vague language of the orientation manual about when the MDT usually meets is not any kind of notification.  As far as the plaintiff choosing to go to work instead of his hearing, this is completely absurd.  He was in an environment controlled by the defendants, but he now has a "choice" to go somewhere instead of being told about a hearing to actually have a choice.  The defendants are trying to pull a rabbit out of their  hat with this explanation. The instituion

knew of plaintiff's desire to be present at the hearing, but willfuly denied him the opportunity. The defendants have tried to blame the plainitff for doing what he was supposed to do in a work release facility, actually go to work unless otherwise informed not to, in order to get around the fact that they purposely denied the plaintiff's due process rights to take away his liberty and his job.

    6. The supervisory defendants have claimed that can not be held responsible for plaintiff's hardships and the problems that arose in the instant matter. Warden George, knowing the laws and rules applicable to his institution, completely disregarded the fact that the law was being broken with every inmate being housed in his institution that was supposed to be at a work release facility. He knew that his facility was not a work release facility, yet he did not complain or try to rectify the fact that his facility was being used for the wrong detainees. As well, Warden George did not train his personnel in the State Law of 11 Del.C. §4334. This law clearly states under section d, "the Department is authorized to administratively resolve technical and minor violations of the conditions of probation or supervision at Accountability Levels I, II, III or IV when a sanction less restrictive than Level V is being sought....by placing the probationer at Accountability Level IV for a period of not more than 5 days consecutively, and not more than 10 days in any 1 calendar year." In not ensuring that his staff knew of the law and their responsiblity to uphold it, Warden George was grossly negligent and deliberately indifferent to the inmates in his care, mainly the plaintiff.

7. Defendant Commissioner Taylor is also at fault for not ensuring that his staff was properly trained and well versed in the rules and regulations that applied to their positions. He is also responsible for the fac tthat his Department has no mental health exams for its employees. The mental health of defendant Bramble definately has to be taken into account. The fact that Commissioner Taylor never once instituted any kind of evaluation for his staff is overshadowed by the fact that all of the requirements to become a Correctional Officer in the Department of Correction were lowered to almost nothing during his reign as Commission. He lowered the age limit, the test score requirement, even going so far as to sending the prospective Officers to classes just so they could pass the test. This shows Defendant Commissioner Taylor to be not only grossly negligent, but deliberately indifferent to the Department of Correction, but the people that were sentenced to be housed within it as well.

8. Warden Bianco of MCCC was also responsible for the care of the plaintiff. The plaintiff was housed in his facility and expected a certain level of care while in said facility. Defendant Warden Bianco did not train his staff to ensure that plaintiff was properly informed of his hearing, and he also did not train his staff to know that 11 Del.C. §4334 applied to any sanction that they imposed upon the residents of his institution. In failing to ensure that the residents of his facility were afforded the proper rights and safeguards towards their liberty, Defendant Warden Bianco was grossly negligent and deliberately indifferent.

9. Defendant Michael Costello was the Security Supervisor

at SVOP and was responsible for reviewing every file on every inmate that was transferred to SVOP. If Defendant Michael Costello had done his required job, then he would have seen that plaintiff's sanction was indeed illegal and would have rectified the matter. Unfortunately, not only was defendant Michael Costello derelict in his duties, he was also completely uninformed about the law pertaining to those serving a sanction at his facility. This shows that defendant Michael Costello was grossly negligent as well as deliberately indifferent to the plight of the plaintiff.

10. Defendant Barbara Costello was the transfer officer at SVOP and she was responsible for ensuring that the inmates who were supposed to be transferred were on the "waiting list" to be transferred to work release. Not only did she not make sure that all of the inmates wer in work release when they were supposed to be, but she made the plaintiff wait for five months and he still did not get transferred back to work release, what he was sentenced to serve. She did not make sure that plaintiff was sent to work release in a timely manner. In actuality, she did not fulfill her duties as transfer officer at all, since she did not transfer plaintiff at all. Had she been on top of her job, she would have made sure that plaintiff was at work release as soon as his illegal sanction was over and done with. Instead, she made him wait for "bed space", which is another was of saying that plaintiff was being punished even further for a violation that he never had a hearing for. The State defendants do not have any defense as to why the plaintiff was denied the access to work release, what he was sentenced to, other than he was awaiting "bed space", which is another cop out by the

defendants. This inaction by defendant Barbara Costello shows her to be grossly negligent as well as deliberately indifferent to the persecution of the plaintiff.

   11. Defendant Kent Raymond claims that the plaintiff is to blame for not being present at his hearing. This defense was previously addressed, but we will proceed furhter with it anyway. Defendant Raymond knew that plaintiff wanted to be present at his hearing, he saw the checked box on the hearing form. He, and the others, decided to go forward with the hearing anyway, deciding to violate plaintiff's due process rights without a care for what they were doing. Blaming the plaintiff in this case where he was never notified of a hearing is like blaming this Honorable Court for not being present at a hearing that could happen at any time in the near future on a Tuesday. If you are not notified of when this hearing is, then your attendance should not be expected. Of course, this is the reason that there was no notification by the defendants, mainly because they do not want to have anyone defending themselves. The actions of Defendant Raymond show him to be grossly negligent as well as deliberately indifferent in the matter of the plaintiff's rights.

   12. All of the defendants claim that they are entitled to qualified immunity in their individual capacities, this is no where near the actual case. The main defense presented is that since the plaintiff did not have a liberty interest, or, in effect a due process violation, then there was no constitutional violation. All of the defendants have, actually, violated the plaintiffs rights in one way or another, as well as shown themselves to be grossly negligent and deliberately indifferent to all of the

troubles of the plaintiff. They not only severely violated plaintiff's constitutional right to due process, they also took him away from his Court ordered sentence throught a kangaroo court with a rubber stamp. Plaintiff's liberties were infringed upon and all the defendants can say is that they did nothing wrong. This is a travesty and plaintiff has been abused by this completely corrupt and ineffective system for far too long. The Motion for Summary Judgment must be denied as a matter of law and the defendants made to stand trial for their parts in this ongoing denial of rights and the cover-up that has followed.

WHEREFORE, Plaintiff respectfully requests that this Court deny the Defendants' Motion for Summary Judgment.

Respectfully,

*Kenneth Holland*
Kenneth Holland
SBI #00164800
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dated: June 26, 2008

## Certificate of Service

I, Kenneth A. Holland, hereby certify that I have served a true And correct cop(ies) of the attached: Plaintiff's Response to Defendant's Renewed Motion for Summary Judgment upon the following parties/person (s):

TO: Office of the Clerk
United States District Court
844 N. King St Lockbox 18
Wilmington De 19801-3570

TO: Catherine Damavandi
Deputy Attorney General
State Department
820 N. French St. 6TH floor
Wilmington De 19801

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 26 day of June, 2008.

Kenneth Holland

I/M Kenneth Holland
SBI# 1148800   UNIT D£
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King St., Lockbox 18
Wilmington, De 19801-3570



UNITED STATES POSTAGE
02 1A
0004608975
$ 00.59⁰
JUN 29 2008
MAILED FROM ZIP CODE 19977