IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH L. HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-464-SLR |
| | ) | JURY TRIAL DEMANDED |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LYNNE CLENDANIEL'S**
**ANSWER TO THE AMENDED COMPLAINT**

Defendant Lynne Clendaniel, by and through undersigned counsel, and hereby answers the Amended Complaint:

Parties

1.  As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Taylor is no longer the Commissioner of the Delaware Department of Correction ("DOC"); however, his business address was 245 McKee Road, Dover, Delaware when he held that position. As to the fourth sentence of this paragraph, no response is required.

2.  As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Bianco is the Warden of the Morris Community Correctional Center ("MCCC") and the Central Violation of Probation Center ("CVOP"), and his business address is 300 Water Street, Dover, Delaware. As to the fourth sentence of this paragraph, no response is required.

3.  As to the first four sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Moore is employed as

a Senior Correctional Counselor at MCCC and is a voting member of the Multi-Disciplinary Team ("MDT") at MCCC, and her business address is 300 Water Street, Dover, Delaware, and Defendant Devine is employed as a Community Work Program Coordinator at MCCC, and participates in the MDT, and his business address is 300 Water Street, Dover, Delaware.  As to the fifth sentence of this paragraph, no response is required.

   4. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Bramble is employed as a Correctional Lieutenant at CVOP and his business address is 875 Smyrna Landing Road, Smyrna, Delaware.  As to the fourth sentence of this paragraph, no response is required.

   5. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Records is employed as a Probation & Parole Supervisor at CVOP, and his business address is 875 Smyrna Landing Road, Smyrna, Delaware.  As to the fourth sentence of this paragraph, no response is required.

   6. Denied as to the first three sentences of this paragraph.  There is no individual named Cline Danials employed at CVOP.  As to the fourth sentence of this paragraph, no response is required.

   7. Denied as to the first three sentences of this paragraph.  Cindy Scala is no longer employed at CVOP.  As to the fourth sentence of this paragraph, no response is required.

8. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant George is no longer the Warden of Sussex Violation of Probation Center ("SVOP"), and his business address is no longer 23207 DuPont Blvd, Georgetown, Delaware. As to the fourth sentence of this paragraph, no response is required.

9. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Major Michael Costello is employed as a Security Superintendent at the James T. Vaughn Correctional Center and his business address is 1181 Paddock Road, Smyrna, Delaware. As to the fourth sentence of this paragraph, no response is required.

10. As to the first three sentences of this paragraph, denied, except that it is admitted that, as of the date of the filing of this Answer, Defendant Sgt. Barbara Costello is employed at the Sussex Community Corrections Center and her business address is 23207 DuPont Blvd., Georgetown, Delaware. Defendant Costello on occasion works as a Transfer Officer. As to the fourth sentence of this paragraph, no response is required.

11. Denied.

## Statement of Claims

1. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

2. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

3. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

4. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

5. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

6. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

7. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

8. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

9. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

10. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

11. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

12. Denied.

13. Denied.

14. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

15. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

16. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

17. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

18. Admitted that, at the meeting of the MDT on June 29, 2004, at which Plaintiff was present, Plaintiff was found guilty of program violation and sanctioned to transfer to SVOP for two weeks, then transfer to CVOP to await bed space at MCCC.

19. Admitted.

20. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

21. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

22. Denied.

23. Denied.

24. Denied.

25. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

26. Denied, except it is admitted that SVOP is a Level 4 facility.

27. Admitted that on July 15, 2004, Plaintiff was transferred to CVOP to await bed space at MCCC.

28. Admitted that Defendant Scala was Plaintiff's counselor during part of the time that he was at CVOP during 2004.

29. Admitted that upon his arrival at CVOP in July 2004, Plaintiff was placed on the waiting list for MCCC. Answering Defendant is without sufficient information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

30. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

31. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

32. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

33. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

34. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

35. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

36. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

37. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

38. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

39. Denied.

40. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

41. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Admitted.

46. Denied.

47. Admitted.

48. Denied.

49. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

50. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied, except that it is admitted that some time after the morning of November 26, 2004, Plaintiff was transferred to Delaware Correctional Center and was subsequently charged with assault in a detention facility.

67. Answering Defendant is without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## **RELIEF**

1. It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

2.  It is specifically denied that Plaintiff is entitled to injunctive, declaratory or any other relief.

### **AFFIRMATIVE DEFENSES**

3.  Plaintiff has failed to state a claim upon which relief can be granted.

4.  Plaintiff has failed to exhaust his administrative remedies.

5.  Answering Defendant is immune from liability under the Eleventh Amendment.

6.  Answering Defendant is entitled to qualified immunity.

*7.*  As to any claims under state law, Answering Defendant is entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

8.  As to any claims under state law, Answering Defendant is entitled to sovereign immunity in her official capacities.

9.  Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

10. To the extent that Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

11. Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

12. Insufficiency of service of process.

13. Insufficiency of process.

14. Lack of jurisdiction over the person and subject matter.

WHEREFORE, Answering Defendant respectfully requests that judgment be entered in her favor and against Plaintiff as to all claims and that attorney fees be awarded to her.

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                /s/ Catherine Damavandi
                Catherine Damavandi, I.D. #3823
                Deputy Attorney General
                Carvel State Office Building
                820 North French Street, 6th Floor
                Wilmington, Delaware 19801
                (302) 577-8400
                Catherine.Damavandi@state.de.us
Date: July 8, 2008          Attorney for Defendant Lynne Clendaniel

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH L. HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 05-464-SLR |
| | ) JURY TRIAL DEMANDED |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2008, I electronically filed Defendant Lynne Clendaniel's *Answer to the Amended Complaint* with the Clerk of Court using CM/ECF. I further certify that on July 8, 2008, I have mailed by United States Postal Service, the document to the following non-registered party: Kenneth L. Holland.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi
Catherine Damavandi, I.D. #3823
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Catherine.Damavandi@state.de.us
Attorney for Defendant Lynne Clendaniel