IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH L. HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-464-SLR |
| | ) |
| ADAM J. BRAMBLE and LYNNE CLENDANIEL, | ) |
| | ) |
| Defendants. | ) |

Kenneth L. Holland, Pro Se Plaintiff/Counter-Defendant. James T. Vaughn Correctional Center, Smyrna, Delaware.

Catherine C. Damavandi, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants/Counter-Plaintiff Adam J. Bramble.

**MEMORANDUM OPINION**

Dated: July 28, 2009
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Kenneth L. Holland ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2, 13, 50) Defendant Adam J. Bramble ("defendant") answered the complaint and filed a counterclaim against plaintiff alleging civil assault based upon Delaware law. (D.I. 33) Presently before the court is plaintiff's motion for summary judgment against counterclaim, defendant's response and plaintiff's reply.[1] (D.I. 107) For the reasons set forth below, the court will deny the motion.

## II. PROCEDURAL AND FACTUAL BACKGROUND

The court will discuss the facts relative to defendant's counterclaim. Plaintiff and defendant were involved in an incident on November 26, 2004 at the Central Violation of Probation Center, Smyrna, Delaware. While defendant was performing a routine area check, he was confronted by plaintiff who stated that the next time defendant used mace, he was going to slit his throat. (D.I. 107, ex.) When defendant attempted to escort plaintiff from the area, plaintiff picked up a chair and used it to strike and physically attack defendant. (*Id.*) Defendant received injuries to his neck and chin. (*Id.*) Plaintiff was criminally charged with assault in a detention facility, tried, and acquitted on September 14, 2005.

Following plaintiff's acquittal, on March 29, 2006, defendant filed a counterclaim. (D.I. 33) Plaintiff's answer to the counterclaim did not raise the affirmative defense of collateral estoppel. (D.I.39) Plaintiff now moves for summary judgment by reason of

---

[1]Bramble and Lynne Clendaniel remain as defendants. All other defendants have either been dismissed or granted summary judgment. (*See* D.I. 59, 85, 109)

collateral estoppel. Defendant opposes the motion on the grounds that plaintiff waived the affirmative defense and plaintiff is precluded from introducing evidence of the acquittal since a lower evidentiary standard applies in civil actions.

## III. DISCUSSION

### A. Standard of Review

The court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of material fact, the court may not weigh the evidence or determine the truth in the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). Where the movant is the defendant, or the party that does not have the burden of proof on the underlying claim, it "has no obligation to produce evidence negating its opponent's case." *National State Bank v. Federal Reserve Bank of New York*, 979 F.2d 1579, 1581 (3d Cir. 1992). Rather, the movant can simply "point to the lack of any evidence supporting the non-movant's claim." *Id.* A party opposing summary judgment "must present more than just 'bare assertions, conclusory

allegations or suspicions' to show the existence of a genuine issue" for trial. *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Waiver

Defendant contends that plaintiff waived the affirmative defense of collateral estoppel as it was not raised in plaintiff's responsive pleading. Rule 8(c) of the Federal Rules of Civil Procedure states: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . estoppel, . . . res judicata, . . ." Generally, a failure to plead an affirmative defense as required by this rule results in the forced waiver of that defense and its exclusion from the case. *Trio Process Corp. v. L. Goldstein's Sons, Inc.*, 461 F.2d 66, 74 (3d Cir. 1972).

Waiver need not result, however, if the defendant "raised the issue at a pragmatically sufficient time, and the [opposing party] was not prejudiced in its ability to respond." *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1373-74 (3d Cir. 1993) (internal quotation marks omitted) (affirmative defense first raised in motion for summary judgment); *Charpentier v. Godsil*, 937 F.2d 859, 863-64 (3d Cir .1991) (affirmative defense first raised in trial brief). Indeed, courts have allowed an affirmative defense to be raised for the first time in a post-answer motion for summary judgment in instances where no prejudice to the non-moving party results. *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 55 F. Supp. 2d 309, 314-15 (D. Del. 1999); *see Pantzer v.*

*Shields Dev. Co.*, 660 F. Supp. 56 (D. Del. 1986) (defendant could assert an affirmative defense of Statute of Frauds in a motion for summary judgment, since there was no prejudice to the plaintiff who had responded to the issue in his answering brief); *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir.1997) (defendant permitted to raise collateral estoppel defense on motion for summary judgment when there is no surprise or unfair prejudice to the plaintiff); *Dennis v. General Imaging, Inc.*, 918 F.2d 496, 499-500 (5th Cir.1990) (defendant could assert an affirmative defense not set forth in its answer in a motion for summary judgment as there is no "unfair surprise" to the plaintiff.

The court finds that there is no surprise or unfair prejudice to defendant. Accordingly, plaintiff may raise collateral estoppel as an affirmative defense. Regardless, plaintiff cannot prevail under a collateral estoppel theory.

### C. Collateral Estoppel

Plaintiff posits that defendant is collaterally estopped from seeking damages for civil assault on the grounds that plaintiff was acquitted of criminal assault for the same incident. As is well known, the difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel. *One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 235 (1972); *Chisholm v. Defense Logistics Agency*, 656 F.2d 42 n.11 (3d Cir. 1981). "The acquittal of the criminal charges may have only represented 'an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.'" *Id.* (quoting *Helvering v. Mitchell*, 303 U.S. 391, 397 (1938)). As to the issues raised, however, it does not constitute an adjudication on the preponderance-of-the-evidence burden applicable in

civil proceedings. *Id.* (citing *Murphy v. United States*, 272 U.S. 630, (1926); *Stone v. United States*, 167 U.S. 178 (1897).

The difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel. For the above reasons, the court will deny plaintiff's motion for summary judgment.

## IV. CONCLUSION

Based upon the foregoing, the court will deny plaintiff's motion for summary judgment. (D.I. 107)

An appropriate order will issue.